**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**
Tracy L. Klestadt
Stephanie Sweeney
Christopher Reilly
200 West 41st Street, 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Fax: (212) 972-2245

*Proposed Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| HBL SNF, LLC, d/b/a EPIC REHABILITATION AND NURSING AT WHITE PLAINS, | : Case No. 21-22623 (SHL) |
| | : |
| Debtor. | : |

------------------------------------------------------------------x

**DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS: (I) AUTHORIZING PAYMENT OF PRE-PETITION WAGES, EMPLOYEE BENEFITS AND EXPENSE REIMBURSEMENT; (II) AUTHORIZING AND DIRECTING BANKS TO HONOR CHECKS WITH RESPECT THERETO; AND (III) APPROVING PAYMENT OF POST-PETITION WAGES, EMPLOYEE <u>BENEFITS AND EXPENSE REIMBURSEMENT</u>**

**TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:**

HBL SNF, LLC, d/b/a Epic Rehabilitation and Nursing at White Plains, the debtor and debtor-in-possession (the "<u>Debtor</u>") hereby submits this motion (the "<u>Motion</u>") for entry of interim and final orders pursuant to 11 U.S.C. §§ 105(a) and 363(b) and Rule 6003 of the Federal Rules of Bankruptcy Procedure (i) authorizing, but not requiring, payment of prepetition wages, employee benefits and expense reimbursement, (ii) authorizing and directing banks to honor checks with respect thereto, and (iii) authorizing, but not requiring, payment of post-petition wages, employee benefits and expense reimbursement. In support of this Motion, the Debtor

relies on the *Declaration of Lizer Jozefovic Pursuant to Local Bankruptcy Rule 1007-2 and in Support of Chapter 11 Subchapter V Petition and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith, and in addition, respectfully states as follows:

## JURISDICTION, VENUE AND STATUTORY PREDICATE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and of this Motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 105(a), 363, 364(b), 507(a)(5) and 541(d) of title 11 of the United States Code, 11 U.S.C. §§ 101, et. seq. (the "Bankruptcy Code").

## BACKGROUND

4. On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Subchapter V of Chapter 11 of the Bankruptcy Code commencing the above-captioned Chapter 11 case (the "Chapter 11 Case") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

5. The Debtor remains in possession of its assets and continues to manage its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6. No committee or trustee, with the exception of a Subchapter V trustee, has been appointed in this case.

7. A detailed description of the Debtor's business and the facts precipitating the filing of the Bankruptcy Case are set forth in the First Day Declaration. Those facts are incorporated herein by reference.

A. **Debtor's Workforce**

8. As set forth in the First Day Declaration, the Debtor has approximately two-hundred and sixty-seven (267)[1] employees, consisting of one-hundred and forty-nine (149) full-time employees (the "Full Time Employees"), forty-six (46) part time employees (the "Part Time Employees") and seventy-two (72) per diem employees (the "Per Diem Employees" and collectively, the "Employees").

B. **Debtor's Employee Compensation Obligations**

9. In the ordinary course of business, the Debtor issues bi-weekly payroll to Employees. Employees are paid every other Friday for the preceding two weeks worked. Because the Petition Date falls within the current payroll period, the Debtor's Employees are owed monies by the Debtor on account of pre-petition services rendered.

10. Prior to the Petition Date, the Debtor did not pay its Employees on account of wages and all compensation earned during the period of October 17, 2021 through November 1, 2021. The Debtor believes the total amount of gross unpaid wages, inclusive of employee benefits and payroll taxes for that period, is approximately $644,581.63 (the "Prepetition Wages"). Consequently, the Debtor is hereby seeking authority to pay its Employees all wages and compensation earned during the payroll period from October 17, 2021 through November 1, 2021.

11. In addition, prior to the Petition Date, the Debtor delivered checks to its Employees for the payroll period from October 3, 2021 through October 16, 2021. The Debtor is not able to confirm whether all of those checks have cleared as of the Petition Date.

---

[1] As highlighted in the First Day Declaration, the amount of Employees the Debtor has during any given pay period can fluctuate given the number of Part Time or Per Diem Employees who work during said period.

3

Consequently, the Debtor is seeking authority to pay its Employees for the payroll period from October 3, 2021 through October 16, 2021 to the extent any check delivered by the Debtor to an Employee did not clear prior to the Petition Date.

12.     None of the amounts to be paid to any single employee for the period noted above will exceed the $13,650.00 priority cap in section 507(a)(4) of the Bankruptcy Code.

C.     **Gross Payroll Deductions, Taxes and Governmental Withholdings**

13.     Upon the culmination of each payroll cycle, certain amounts are deducted from each of the Employees' paychecks to account for (i) federal, state and local tax withholdings laws and (ii) pre- and after-tax deductions pursuant to employee benefit plans (described below under "Employee Benefits").

14.     The Debtor is required by law to withhold from the Employees' wages amounts related to federal and state taxes, social security and Medicare taxes (collectively, the "Trust Fund Taxes"), and to remit the Trust Fund Taxes to the appropriate taxing authorities (collectively, the "Taxing Authorities").  Additionally, the Debtor is obligated to match from its own funds the social security and Medicare taxes and to remit to the Taxing Authorities, based on a percentage of gross payroll, additional amounts for state and federal unemployment insurance (collectively, the "Employer Payroll Taxes" and, together with the Trust Fund Taxes, the "Payroll Taxes").  The Payroll Taxes on average total approximately $122,802.01 per pay period.  The Debtor believes it is current on its pre-petition Payroll Taxes obligations but for the amounts due for the period from October 17, 2021 through November 1, 2021 (the "Pre-Petition Payroll Taxes"), and therefore hereby seeks authority to pay Pre-Petition Payroll Taxes.

**D.    Employee Benefits**

   a. **Medical Benefits**

15.    In the ordinary course of the Debtor's business, the Debtor provides eligible Employees with access to certain medical benefits. Health insurance is provided by Aetna ("Health Insurance"), disability is supplied by AFLAC ("Disability Insurance"), dental is provided by Guardian ("Dental Insurance") and vision insurance is provided by VSP or Davis ("Vision Insurance"). Additionally, Employees are offered access to flexible spending accounts to cover certain out of pocket medical expenses provided by Gente (the "Flex Accounts" and collectively, the "Medical Benefits"). All eligible Employees are offered access to Medical Benefits, a portion of the costs of which are deducted from their Prepetition Wages. The Debtor also covers a significant portion of the Employees' Medical Benefits per month. All of the Medical Benefit programs, and the costs associated with the same, are operated through an affiliated non-Debtor management company, to which the Debtor remits the employer costs associated with the Employees' Medical Benefit programs.

16.    The Debtor's contribution to the Employees' Medical Benefits costs, in any given month, totals approximately $209,356.63 (the "Medical Benefits Contribution"), including $199,756.63 with respect to Health Insurance and $9,600.00 with respect to the remaining Medical Benefits programs. Such payments are due on the 1st of each month, subject to a 30-day grace period, and typically made on or immediately prior to the expiration of such grace period. The Debtor has not made the payment due November 1, 2021 prior to the Petition Date and hereby seeks authority to pay the upcoming $209,356.63 Medical Benefits Contribution and to continue to pay the Medical Benefits Contributions in the ordinary course in the future.

### b. Life Insurance

17. Similar to the aforementioned Medical Benefits, the Debtor offers eligible Employees access to life insurance with MetLife ("Life Insurance"). An Employee becomes eligible for Life Insurance coverage 60 days after their employment begins and the Debtor covers each Employee their yearly salary up to $50,000. MetLife requires that the Debtor pay all costs associated with its Life Insurance in advance. The Debtor pays approximately $1000 per month in costs associated with the Life Insurance program (the "Life Insurance Costs"). The Debtor believes it is current on the Life Insurance Costs, but hereby seeks authority to continue to pay the same in the ordinary course in the future.

### c. Paid Time Off & Sick Days

18. The Debtor maintains a paid time off policy for all Employees. Employees are entitled to 25 days away from work with pay to be used for vacation or personal days ("PTO Days").[2] The Debtor offers PTO Days in addition to paid federal holidays. As of the Petition Date, the Debtor's Employees have accrued approximately $548,481.30 in unpaid PTO Days. However, that amount fluctuates every payroll period due to Employees taking days off. As part of the relief sought in this Motion, the Debtor is not seeking to pay this accrued amount, but seeking to continue its current PTO Days program.

19. In addition to the PTO Days, the Debtor offers approximately 12 sick days to each Employee ("Sick Days"). Sick Days accrue and are payable after the 15th of each month and are paid out twice a year for time in excess of 40 hours. The Debtor requests that it be authorized, but not directed, to honor its PTO & Sick Days policy post-petition in the ordinary course of business.

---

[2] After five years of employment with the Debtor, Employees become eligible for 30 PTO Days.

### d. 401(k) Plan

20. The Debtor maintains the Transamerica Plan, a 401(k) plan for the benefit of the Employees (the "401(k) Plan" and collectively, with the Medical Benefits, the Life Insurance, the PTO Days and the Sick Days, the "Employee Benefits"). The 401(k) Plan provides for automatic pre-tax deductions of eligible compensation up to limits set by the Internal Revenue Code. Approximately 150 current Employees participate in the 401(k) Plan, and the approximate amount withheld from the Employee's paychecks per payroll period is approximately $13,000.00. Upon completion of one year of employment, the Debtor may make a 10% contribution to each eligible Employee's 401(k) Plan. The total cost of such contributions during any given month is approximately $4,225.00

### E. Employee Expense Reimbursement

21. Prior to the Petition Date and in the ordinary course of its business, the Debtor reimbursed its Employees for certain expenses incurred in the scope of their employment or services performed. Reimbursable expenses consist of expenses relating to, inter alia, monthly parking and uniform maintenance (collectively, the "Reimbursable Expenses").

22. Any Reimbursable Expenses are incurred on the Debtor's behalf and with the understanding that they will be reimbursed in the normal course.

23. As of the Petition Date, the Debtor owes Employees approximately $900.00 on account of expenses incurred prior to the Petition Date (the "Pre-Petition Reimbursable Expenses"). The Debtor hereby seeks authority to pay the Pre-Petition Reimbursable Expenses. The Debtor also seeks authority to pay Reimbursable Expenses, incurred after the Petition Date, in the ordinary course of business.

## RELIEF REQUESTED AND BASIS THEREOF

24. By this Motion, the Debtor requests, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, entry of an order (i) authorizing, but not requiring, the Debtor to pay, in its sole discretion, (a) approximately $644,581.63 in Prepetition Wages, including without limitation, the Pre-Petition Payroll Taxes and Employee Benefits, and (b) $900.00 in Pre-Petition Reimbursable Expenses (collectively, the "Employee Obligations"), and costs incident to the foregoing, (ii) authorizing and directing banks to honor checks with respect thereto, and (iii) authorizing, but not requiring payment of post-petition wages and employee benefits as they were in effect as of the Petition Date, and as such may be modified, amended, or supplemented from time to time in the ordinary course.

25. Because the Debtor pays its Employees in arrears, the Debtor's Employees are owed monies by the Debtor on account of pre-petition services rendered. By this Motion, the Debtor seeks to pay Employee Obligations owed to its employees prior to the Petition Date in the amounts set forth herein.

26. To avoid the significant risks of Employees refusing to continue to work for the Debtor or discontent or loss of morale among essential employees, and in view of the priority awarded to wage claims, it is necessary and appropriate that the Debtor be granted the requested authorization.

27. The Debtor requires the continued services of its employees in order to ensure that the continuity and quality of its business operations and patient care will not be threatened and so that the Debtor may continue, without unnecessary interruption, its efforts to achieve a successful reorganization.

28. The Debtor submits the relief sought herein is authorized pursuant to section 363(b)(1) of the Bankruptcy Code, which provides that "[t]he trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate," and further justified by the Court's broad equitable powers under section 105 of the Bankruptcy Code.

29. Section 105(a) of the Bankruptcy Code empowers the bankruptcy court to "[i]ssue any order, process or judgment that is necessary or appropriate to carry out the provisions of . . ." the Bankruptcy Code. As one court observed:

> The ability of a Bankruptcy Court to authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept. It was first articulated by the United States Supreme Court in Miltenberger v. Logansport, C. & S.W. R. Co., 106 U.S. 286, 1 S.Ct. 140, 27 L.Ed. 117 (1882) and is commonly referred to as either the "doctrine of necessity" or the "necessity of payment" rule. This rule recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay pre-petition claims where such payment is essential to the continued operation of the debtor.

In re Ionosphere Clubs, Inc., 98 B.R. 174, 175-76 (Bankr. S.D.N.Y. 1989). Accord In re Lehigh & New England Ry. Co., 657 F.2d 570, 581 (3d Cir. 1981) (quoting In re Penn Central Transp. Co., 467 F.2d 100, 102 n.1 (3d Cir. 1972) (the "necessity of payment" doctrine permits immediate payment of claims to creditors who will not supply services or material essential to the debtors' business until their pre-petition claims are paid)).

30. Application of the "necessity of payment" doctrine here establishes that the Debtor should be authorized to honor the Employee Obligations. See Mich. Bureau of Workers' Disability Compensation v. Chateaugay Corp. (In re Chateaugay Corp.), 80 B.R. 279-285-86 (S.D.N.Y. 1987), appeal dismissed 838 F.2d 59 (2d Cir. 1988) (approving lower court order authorizing payment of prepetition wages, salaries, expenses, and benefits). This doctrine is

consistent with the paramount goal of chapter 11 of "facilitating the continued operation and rehabilitation of the debtor." Ionosphere Clubs, 98 B.R. at 176.

31. If the Debtor is not authorized to pay the Employee Obligations, its relationship with the Employees will be adversely affected and the Employees' morale, dedication, confidence, and cooperation might be compromised irreparably. The Employees' support for the Debtor's efforts during this case is critical and cannot be jeopardized. Allowing the Debtor to honor the Employee Obligations in the ordinary course will instill confidence in the Employees that the Debtor is in a position to satisfy, and intends to satisfy, its post-petition payroll and related obligations and will ensure the Debtor has a sufficient support system in which to operate and that the Debtor can successfully care for its patients and execute its strategy in Chapter 11 to continue operating as a going concern.

32. The amount to be paid to any Employee for the pre-petition period will not exceed the $13,650.00 cap contained in Sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code. In addition, payment of the Debtor's pre-petition payroll obligations will not prejudice other creditors of the Debtor's estate as the Employees are entitled to priority status under Section 507(a)(4) and 507(a)(5) of the Bankruptcy Code with respect to such obligations and payment in full pursuant to a Chapter 11 plan. See 11 U.S.C. § 1129(a)(9)(B).

33. With respect to the Pre-Petition Payroll Taxes, the payment of such taxes also will not prejudice the Debtor's other creditors as the relevant Taxing Authorities generally would hold priority claims under Section 507(a)(8) of the Bankruptcy Code with respect to such obligations and are entitled to payment in full pursuant to a Chapter 11 plan. See 11 U.S.C. § 1129(a)(9)(C). Moreover, the portion of the Pre-Petition Payroll Taxes withheld from the Employees' wages on behalf of the applicable Taxing Authority (as well as the other deductions)

10

are held in trust by the Debtor. As such, that portion of the Pre-Petition Payroll Taxes (as well as the other deductions) is not property of the Debtor's estate under Section 541 of the Bankruptcy Code. See, e.g., Begier v. IRS, 496 U.S. 53 (1990).

34. In other chapter 11 cases, courts in this District have approved payment of prepetition claims for compensation and expense reimbursements similar to those described herein. See, e.g., In re Chassix Holdings, Inc., Case No. 15-10578 (MEW) (Bankr. S.D.N.Y. April 10, 2015); In re The Great Atlantic & Pacific Tea Company, Inc., Case No. 10-24549 (RDD) (Bankr. S.D.N.Y. Jan. 13, 2011); In re Uno Restaurant Holdings Corp., Case No. 10-10209 (MG) (Bankr. S.D.N.Y. Feb. 17, 2010); In re Finlay Enterprises, Inc., Case No. 09-14873 (JMP) (Bankr. S.D.N.Y. Sept. 3, 2009); In re General Motors Corp., Case No. 09-50026 (REG) (Bankr. S.D.N.Y. June 1, 2009); In re U.S. Shipping Partners L.P., Case No. 09-12711 (RDD) (Bankr. S.D.N.Y. Apr. 30, 2009); In re General Growth Properties, Inc., Case No. 09-11977 (ALG) (Bankr. S.D.N.Y. May 11, 2009); In re Bearing Point, Inc., Case No. 09-10691 (REG) (Bankr. S.D.N.Y. March 13, 2009); In re Tronox Inc., Case No. 09-10156 (ALG) (Bankr. S.D.N.Y. Feb. 6, 2009); In re Lyondell Chemical Co., Case No. 09-10023 (REG) (Bankr. S.D.N.Y. Jan. 26, 2009); In re Lenox Sales, Inc., Case No. 08-14679 (ALG) (Bankr. S.D.N.Y. Nov. 25, 2008); In re Steve & Barry's Manhattan LLC, Case No. 08-12579 (ALG) (Bankr. S.D.N.Y. July 10, 2008); In re Lexington Precision, Case No. 08-11153 (MG) (Bankr. S.D.N.Y. April 2, 2008); In re PRC, LLC, Case No. 08-10239 (MG) (Bankr. S.D.N.Y. Jan. 24, 2008); In re Silicon Graphics, Inc., Case No. 06-10977 (BRL) (Bankr. S.D.N.Y. May 10, 2006).

35. Accordingly, by this Motion, the Debtor seeks authority pursuant to sections 105(a) and 363(b) of the Bankruptcy Code to pay Employee Obligations as they become due and owing during the pendency of this case and to continue, uninterrupted, its practices, programs

11

and policies with respect to its employees, as such practices, programs, and policies were in effect as of the Petition Date.

## **NOTICE**

36. Notice of this Motion will be given to: (i) the Office of the United States Trustee for the Southern District of New York, Attn: Andrea Schwartz, Esq.; (ii) the New York State Department of Health; (iii) counsel to the DIP Lender; (iv) New York State Office of the State Long Term Care Ombudsman, county of Westchester; (v) the duly appointed patient care ombudsman in this Case; (vi) the United States Attorney's Office for the Southern District of New York; (vii) the Internal Revenue Service; (viii) the parties included on the Debtor's consolidated list of twenty (20) largest unsecured creditors; (ix) counsel to WPHCP; (x) counsel to Security Benefit; (xi) the Subchapter V trustee, and (xii) any party that has requested notice pursuant to Bankruptcy Rule 2002.

## **NO PRIOR REQUEST**

41. No previous request for the relief sought herein has been made by the Debtor to this or any other court.

**WHEREFORE**, for all the foregoing reasons, the Debtor respectfully requests entry of an Order, substantially in the form annexed hereto as Exhibit A, granting the Motion and such other further relief as the Court deems just and equitable.

Dated: New York, New York
November 1, 2021

                                   KLESTADT WINTERS JURELLER
                                   SOUTHARD & STEVENS, LLP

                            By: */s/ Tracy L. Klestadt*
                                   Tracy L. Klestadt
                                   Stephanie Sweeney
                                   Christopher Reilly
                                   200 West 41st Street, 17th Floor
                                   New York, New York 10036
                                   Tel: (212) 972-3000
                                   Fax: (212) 972-2245
                                   Email: tklestadt@klestadt.com
                                               ssweeney@klestadt.com
                                               creilly@klestadt.com

                                   *Proposed Attorneys for the Debtor and*
                                   *Debtor-in-Possession*

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                                      :    Chapter 11
                                                                               :
HBL SNF, LLC, d/b/a EPIC REHABILITATION         :    Case No. 21-22623 (SHL)
AND NURSING AT WHITE PLAINS                           :
                                                                               :
                                        Debtor.                   :
------------------------------------------------------------x

**INTERIM ORDER (I) AUTHORIZING PAYMENT OF PRE-PETITION WAGES, EMPLOYEE BENEFITS AND EXPENSE REIMBURSEMENT, (II) AUTHORIZING AND DIRECTING BANKS TO HONOR CHECKS WITH RESPECT THERETO, AND (III) APPROVING PAYMENT OF POST-PETITION WAGES, EMPLOYEE BENEFITS AND EXPENSE REIMBURSEMENT**

Upon the Motion (the "Motion")[1] of HBL SNF, LLC, (the "Debtor"), the Debtor in the above-captioned chapter 11 case, for entry of interim and final orders pursuant to 11 U.S.C. §§ 105(a) and 363(b) and Rule 6003 of the Federal Bankruptcy Rules (i) authorizing, but not requiring, payment of prepetition wages, employee benefits and expense reimbursement, (ii) authorizing and directing banks to honor checks with respect thereto, and (iii) authorizing, but not requiring, payment of post-petition wages, employee benefits and expense reimbursement; and due and sufficient notice of the relief requested in the Motion having been given under the circumstances, and no other or further notice being necessary or required except as provided herein; and upon the record of the hearing on the Motion; and, after due deliberation, it appearing that the relief granted herein (a) is necessary to avoid imminent and irreparable harm to the Debtor and its estate and (b) provides a net benefit to the Debtor and its estate, taking into account the Debtor's rights under the Bankruptcy Code; and sufficient cause appearing therefor, it is hereby

**ORDERED** that, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Rule 6003 of the Federal Rules of Bankruptcy Procedure, the Debtor is authorized, but not required, to satisfy the Employee Obligations in an aggregate amount not to exceed $645,481.63, including

---

[1] Capitalized terms used, but not herein defined shall have the meaning ascribed to them in the Motion.

$644,581.63 in Prepetition Wages, and $900.00 in Reimbursable Expenses, as set forth in the Motion, without further Order of the Court, provided that the Debtors shall not pay any individual in excess of $13,650 on account of Employee Obligations; and it is further

**ORDERED** that, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Rule 6003 of the Federal Rules, the Debtor is authorized, but not required, to continue to honor its practices, programs, and policies with respect to its Employees as such practices, programs, and policies were in effect as of the Petition Date, including, but not limited to, payment of post-petition wages, Employee Benefits and expense reimbursement in accordance with the Debtor's stated policies and in the ordinary course of business; and it is further

**ORDERED** that the Debtor is authorized, but not required, to pay costs and expenses incidental to the payment of the Employee Obligations, including all administration and processing costs and payments to outside professionals or independent contractors, in the ordinary course of business, in order to facilitate the administration and maintenance of the Debtor's programs and policies related to the Employee Obligations; and it is further

**ORDERED** that any and all banks or financial institutions are hereby authorized and directed to honor any check issued by the Debtor prior to the Petition Date to pay the Prepetition Wages; and it is further

**ORDERED** that nothing in this Order nor any action taken by the Debtor in furtherance of the implementation hereof shall be deemed an approval of the assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; and it is further

**ORDERED** that nothing in this Order shall impair the ability of the Debtor or an appropriate party in interest to contest any claim of any creditor pursuant to applicable law or

2

otherwise dispute, contest, setoff, or recoup any claim, or assert any rights, claims or defenses related thereto; and it is further

**ORDERED** that the Final Hearing on the Motion shall be held on [DATE] at 2:00 p.m. (Eastern Time) before the Honorable Sean H. Lane at the United States Bankruptcy Court for the Southern District of New York located at 300 Quarropas Street, White Plains, New York 10601;

**ORDERED** that Objections or responses, if any, to the Motion shall be in writing, filed with the Court, with a copy to chambers, so as to be received by (i) counsel to the Debtor, Attn: Tracy L. Klestadt, Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036-7203; (ii) counsel to any secured lender; (iii) the Subchapter V trustee, and (iv); the Office of the United States Trustee for the Southern District of New York, Attn: Andrea Schwartz, Esq., U.S. Federal Office Building, 201 Varick Street, Room 1006, New York, New York 10014., on or before _____, 2021 at 5:00 p.m. In the event no objections are timely filed, this Order shall continue in full force and effect and shall be deemed a Final Order without the need for further notice or hearing in accordance with Federal Rules of Bankruptcy Procedure, including without the need for the Final Hearing; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order; and it is further

**ORDERED** that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

Dated:    New York, New York
             _____, 2021

                                                              _____
                                                              HONORABLE SEAN H. LANE
                                                              UNITED STATES BANKRUPTCY JUDGE

3