**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
Tracy L. Klestadt
Stephanie Sweeney
Christopher Reilly
200 West 41st Street, 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Fax: (212) 972-2245

*Proposed Counsel to the Debtor and Debtor in*
*Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| HBL SNF, LLC, d/b/a EPIC REHABILITATION | : | Case No. 21-22623 (SHL) |
| AND NURSING AT WHITE PLAINS | : | |
| | : | |
| Debtor. | : | |
-----------------------------------------------------------------x

**DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING THE**
**DEBTOR TO (A) USE EXISTING CASH MANAGEMENT SYSTEM, AND (B)**
**MAINTAIN EXISTING BANK ACCOUNTS AND BUSINESS FORMS;**
**AND (II) WAIVING REQUIREMENTS OF 11 U.S.C. § 345(b)**

**TO THE HONORABLE  SEAN H. LANE,**
**UNITED STATES BANKRUPTCY JUDGE:**

HBL SNF, LLC, d/b/a Epic Rehabilitation and Nursing at White Plains (the "Debtor"),

debtor and debtor in possession in the above-captioned case, hereby submits this motion (the

"Motion") for entry of interim and final orders pursuant to sections 105(a), 363, 1107 and 1108 of

title 11 of the United State Code (the "Bankruptcy Code") (i) authorizing, but not requiring, the

Debtor to: (a) continue use of its existing cash management system, including making payment of

sums due under certain credit cards; and (b) maintain existing bank accounts, credit cards and

business forms; and (ii) waiving the requirements of 11 U.S.C. § 345(b) to the extent the Bank

Accounts contain funds in excess of the amounts insured by the Federal Deposit Insurance Corporation or otherwise are not fully insured, and respectfully states as follows:

## JURISDICTION, VENUE AND STATUTORY PREDICATE

1.      The Court has jurisdiction over this Cash Management Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are sections 105(a), 345(b), 363, 1107 and 1108 of the Bankruptcy Code, and Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4.      On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Subchapter V of Chapter 11 of the Bankruptcy Code commencing the above-captioned Chapter 11 case (the "Chapter 11 Case") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

5.      The Debtor remains in possession of its assets and continues to manage its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.      No trustee or committee, with the exception of a Subchapter V trustee, has been appointed in this case.

7.      A detailed account of the Debtor's business and the events precipitating the bankruptcy filing are included in the *Declaration of Lizer Jozefovic Pursuant to Local Bankruptcy Rule 1007-2 and in Support of Chapter 11 Subchapter V Petition and First Day Motions* (the "First Day Declaration"). Those facts are incorporated herein by reference.

**RELIEF REQUESTED**

8.      The Office of the United States Trustee ("U.S. Trustee") has established certain operating guidelines for debtors-in-possession in order to supervise the administration of chapter 11 cases.  These guidelines require chapter 11 debtors to, among other things, (a) close all existing bank accounts and open new debtor in possession bank accounts, (b) establish one debtor in possession account for all estate monies required for the payment of taxes including payroll taxes, (c) maintain a separate debtor in possession account for cash collateral and (d) obtain checks for all debtor in possession accounts which bear the designation "debtor in possession," the bankruptcy case number and the type of account.  These requirements are designed to provide a clear line of demarcation between pre-petition and post-petition transactions and operations and to prevent the inadvertent post-petition payment of pre-petition claims.

9.      The Debtor requests authorization to (i) maintain its Existing Bank Accounts (as defined below), (ii) to pay certain of the pre-petition charges on the Chase Card (defined below) including payments for general and administrative business expenses incurred in the ordinary course of business that will not include any payments made for the benefit of insiders in an amount to be determined by the Court, and (iii) continue to use its Business Forms (as defined below) in the same manner in which they existed prior to the Petition Date.

**THE DEBTOR'S EXISTING BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM**

10.     As further described below, the Debtor's cash management system is coordinated among the Debtor and various third parties including the Debtor's customers, vendors and suppliers. Maintenance of the Cash Management System and Business Forms is necessary to avoid delay and confusion and prevent disruption to the Debtor's business operations.

3

11.     As of the Petition Date, the Debtor maintains eleven (11) total bank accounts. Six (6) of the accounts are with JP Morgan Chase Bank (the "Chase Accounts"): a payroll account, a savings account, a petty cash account, a resident funds savings account, a resident funds checking account and a resident security account for private pay patients. Two (2) of the accounts are with Metropolitan Commercial Bank (the "Metropolitan Accounts"): an operating account and a Medicare/Medicaid deposit account. Three (3) of the accounts are with Regions Bank (the "Region Accounts"[1] and collectively, with the Metropolitan Accounts and Chase Accounts, the "Bank Accounts"). A list of the Debtor's various Bank Accounts, as well as the last four digits of the account numbers, is annexed as Exhibit A. In addition to the Bank Accounts, the Debtor maintains a credit card with Chase that it uses for ordinary course of business transactions (the "Chase Card" and together with the Bank Accounts, the "Cash Management System"). As of the Petition Date, the Debtor had an open balance on the Chase Card in the amount of approximately $1,985.55. The Cash Management System enables the Debtor to manage and control funds and ensure cash availability.

12.     In the ordinary course of business, the Debtor utilizes one operating account, the Metropolitan Account ending in 1389, to conduct daily business transactions (the "Operating Account"), its payroll account, the Chase Account ending in 1769, for payment of employee wages and other amounts (the "Payroll Account"), and the Region Account ending in 5238, for collection of its commercial and private pay accounts receivable (the "Commercial Account"). The Debtor receives funds from residents, customers and commercial insurers via its Commercial Account mostly in the form of checks but also through ACH payments. The Debtor pays its suppliers

---

[1] Region Accounts ending in 5246 and 5454 were opened in anticipation of a potential pre-petition financing arrangement that was never consummated. They currently hold no balances and are not in use.

through the Operating Account, mostly by check, but others through direct deposit.  The Debtor

funds the Payroll Account from its Operating Accounts for payroll purposes.

13.     The Debtor maintains the three resident fund accounts with Chase Bank, Chase

Accounts ending in 9639, 2908 and 5537 (collectively, the "Resident Fund Accounts"), on behalf

of residents to help them cover any extra expenses they incur.

14.     As part of its operations as a nursing home, the Debtor maintains its second account

with Metropolitan Bank, Metropolitan Account ending in 1397, as a government account for

Medicare and Medicaid deposits, separately from its Operating Account (the "Government

Account").  The Government Account is a special savings account for receipt of government

Medicare or Medicaid payments which are used by residents for health care expenses.

15.     The final two Chase Accounts are a petty cash and savings account. The petty cash

account is used to cover minor or incidental expenses that arise over the course of operations and

the savings account is used to establish funds for emergencies.

16.     Finally, the Debtor uses the Chase Card on a daily basis to cover general and

administrative expenses incurred in the ordinary course of business.

## THE DEBTOR'S EXISTING BUSINESS FORMS AND CHECKS

17.     In the ordinary course of business, the Debtor uses checks, correspondence and

numerous other business forms including, but not limited to, invoices, purchase orders and

envelopes (collectively, the "Business Forms"). A substantial amount of time and expense would

be required in order to, create or print new business forms. The Debtor therefore requests

authorization to continue to use its pre-petition Business Forms, without reference to its status as

a debtor-in-possession (other than post-petition checks, which shall bear either a "DIP" or "debtor-

in-possession" designation); provided, however, that following the depletion of the Debtor's

business stock, the Debtor will obtain new business forms reflecting its status as a debtor-in-possession.

## **BASIS FOR RELIEF**

18.      Section 363(c)(1) of the Bankruptcy Code provides a debtor in possession with the flexibility to engage in the ordinary course transactions required to operate its business without unnecessary oversight by its creditors or the court. See Med. Malpractice Ins. Ass'n v. Hirsch (In re Lavigne), 114 F.3d 379, 384 (2d Cir. 1997); In re Enron Corp., Case No. 01-16034, 2003 WL 1562202, at *15 (Bankr. S.D.N.Y. Mar. 21, 2003); Chaney v. Official Comm. of Unsecured Creditors of Crystal Apparel, Inc. (In re Crystal Apparel, Inc.), 207 B.R. 406, 409 (S.D.N.Y. 1997). Included within the purview of section 363(c)(1) is a debtor's ability to continue the "routine transactions" necessitated by a debtor's cash management system. See Amdura Nat'l Distrib. Co. v. Amdura Corp. (In re Amdura Corp.), 75 F.3d 1447, 1453 (10th Cir. 1996). A debtor's request for authorization to continue to use its existing cash management system has therefore been held to be entirely consistent with section 363(c)(1), which allows a debtor in possession to "use property of the estate in the ordinary course of business." See Charter Co. v. Prudential Ins. Co. of Am. (In re Charter Co.), 778 F.2d 617, 621 (11th Cir. 1985).

19.      In similar cases, this Court has routinely waived or modified the U.S. Trustee guidelines to allow debtors to maintain their existing cash management systems. See, e.g., In re The New York Internet Co., Inc., Case No. 17-10326 (SHL) (Bankr. S.D.N.Y. March 15, 2017); In re Rienzi & Sons, Inc., Case No. 15-40926 (NHL) (Bankr. E.D.N.Y. March 14, 2015); In re Gemini Systems, LLC, Case No. 15-10574 (SHL) (Bankr. March 12, 2015 S.D.N.Y. 2015); In re Quirky, Inc., Case No. 15-12596 (MG), (Oct. 23, 2015 Bankr. S.D.N.Y. 2015) In re Finlay Enterprises, Inc., Case No. 09-14873 (JMP) (Bankr. S.D.N.Y. Sept. 3, 2009); In re Extended Stay

Inc., Case No. 09-13764 (JMP) (Bankr. S.D.N.Y. July 20, 2009); In re U.S. Shipping Partners L.P.,

Case No. 09-12711 (RDD) (Bankr. S.D.N.Y. June 18, 2009); In re Bearing Point, Inc., Case No.

09-10691 (REG) (Bankr. S.D.N.Y. March 13, 2009).

20.     Courts have similarly routinely waived or modified the U.S. Trustee guidelines to

allow debtors to continue to use their existing business forms, at least until the debtor's existing

business form stock was depleted. See, e.g., In re Gemini Systems, LLC, Case No. 15-10574 (SHL)

(Bankr. S.D.N.Y. 2015); In re Rienzi & Sons, Inc., Case No. 15-40926 (NHL) (Bankr. E.D.N.Y.

2015); In re Quirky, Inc., Case No. 15-12596 (MG), (Bankr. S.D.N.Y. 2015); In re The Connaught

Group, Ltd., Case No. 12-10512 (SMB) (Bankr. S.D.N.Y. 2012); In re Dia Deb Int'l Inc., Case

No. 11-13376 (MG) (Bankr S.D.N.Y. 2011); In re Innkeepers USA Trust, Case No. 10-13800

(SCC) (Bankr. S.D.N.Y. Sept. 2, 2010); In re Neff Corp., Case No. 10-12610 (SCC) (Bankr.

S.D.N.Y. June 9, 2010); In re Citadel Broad. Corp., Case No. 09-17442 (BRL) (Bankr. S.D.N.Y.

Feb. 3, 2010); In re Reader's Digest Ass'n, Inc., Case No. 09-23529 (RDD) (Bankr. S.D.N.Y.

Nov. 20, 2009); In re Lear Corp., Case No. 09-14326 (ALG) (Bankr. S.D.N.Y. July 31, 2009).

21.     The Debtor respectfully submits that maintaining the Cash Management System

and Business Forms is the most efficient and cost-effective way of proceeding in this Chapter 11

Case. The Debtor has coordinated its payroll, customer deposits and expense payments through

the existing Bank Accounts for an extended period of time. Changing these procedures would

disrupt patients' and other customers' payments to the Debtor, interrupt payroll and other

payments, and severely hamper the Debtor's ability to efficiently and seamlessly pay its employees

and operate its business. Strict compliance with the U.S. Trustee guidelines would require opening

new accounts, instructing customers, patients and government entities to redirect their payments,

and implementing new agreements with the Debtor's financial institutions, which would cause

unnecessary delay and confusion and potentially jeopardize the Debtor's relationships. In light of the nature of the Debtor's business as a nursing home, closing and transferring the Government Accounts could cause substantial delay and disruption to the Debtor's and its patients' ability to receive and utilize Medicaid and Medicare funds.

22.    In addition, the Debtor utilizes the Chase Card to make payments of costs that would typically otherwise be paid from the Existing Bank Accounts to vendors and other miscellaneous operating costs incurred in the ordinary course of business. The Chase Card affords the Debtor enhanced liquidity and flexibility in managing its cash flow and meeting its immediate cash needs and represents an important component of the Debtor's Cash Management System.

23.    Accordingly, by this Motion, the Debtor seeks authority, but not direction, in its sole discretion, to maintain the Chase Card in the ordinary course of business and to pay certain of the prepetition obligations due and owing to Chase under the Chase Card including business expenses incurred in the ordinary course of business that will not include any payments made for the benefit of insiders. The Debtor submits that maintaining access to the Chase Card is essential to a smooth transition into chapter 11, because the Debtor's cardholders utilize the Chase Card in the ordinary course of business as part of daily operations.

24.    The Debtor's cash management procedures are ordinary, usual and essential business practices. The Debtor's cash management system includes the necessary accounting controls to enable the Debtor to trace funds through the system and ensure that transactions are adequately documented and readily ascertainable.  The Debtor currently maintains and will continue to maintain detailed and accurate accounting records reflecting all transfers of funds.  The Debtor will not pay, and Chase, Metropolitan and Region Banks will be directed not to pay, any debts incurred before the Petition Date, except as authorized by this Court.

8

25.     The Debtor submits that the relief requested herein is necessary to avoid immediate, irreparable harm, is consistent with relief granted in other similar chapter 11 cases and is in the best interests of the Debtor and its estate and creditors.

## NOTICE

26.     Notice of this Motion will be given to: (i) the Office of the United States Trustee for the Southern District of New York, Attn: Andrea Schwartz, Esq.; (ii) the New York State Department of Health; (iii) counsel to the DIP Lender; (iv) New York State Office of the State Long Term Care Ombudsman, county of Westchester; (v) the duly appointed patient care ombudsman in this Case; (vi) the United States Attorney's Office for the Southern District of New York; (vii) the Internal Revenue Service; (viii) the parties included on the Debtor's consolidated list of twenty (20) largest unsecured creditors; (ix) counsel to WPHCP; (x) counsel to Security Benefit; (xi) the Subchapter V trustee; (xii) any party that has requested notice pursuant to Bankruptcy Rule 2002; (xiii) JP Morgan Chase Bank; (xiv) Metropolitan Commercial Bank; and (xv) Regions Bank.

## NO PRIOR REQUEST

27.     No previous motion for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter the Interim

Order substantially in the form annexed hereto as Exhibit B granting the relief requested herein on

an interim basis, subject to approval on a final basis, and grant such other and further relief as is

just and proper.

Dated:    New York, New York
          November 1, 2021

                                          KLESTADT WINTERS JURELLER
                                          SOUTHARD & STEVENS, LLP


                                   By:    /s/ Tracy L. Klestadt
                                          _____
                                          Tracy L. Klestadt
                                          Stephanie Sweeney
                                          Christopher Reilly
                                          200 West 41st Street, 17th Floor
                                          New York, New York 10036
                                          Tel: (212) 972-3000
                                          Fax: (212) 972-2245
                                          Email: tklestadt@klestadt.com
                                                 ssweeney@klestadt.com
                                                 creilly@klestadt.com

                                          *Proposed Attorneys for the Debtor and
                                          Debtor-in-Possession*

# <u>Exhibit A</u>

EXHIBIT A

| Name | **JP Morgan Chase Bank** | **JP Morgan Chase Bank** | **JP Morgan Chase Bank** |
|---|---|---|---|
| Title | HBL SNF, LLC | HBL SNF, LLC | HBL SNF, LLC |
| Address: | 171 S Riverside Ave., Croton-on-Hudons, NY 10520 | 171 S Riverside Ave., Croton-on-Hudons, NY 10520 | 171 S Riverside Ave., Croton-on-Hudons, NY 10520 |
| Acct # | xxxxxx1769 | xxxxxx7272 | xxxxxx9639 |
| | | | |
| Purpose | Payroll | Savings | Resident Funds Savings Account |
| | | | |
| | | | |

| Name | **JP Morgan Chase Bank** | **JP Morgan Chase Bank** | **JP Morgan Chase Bank** |
|---|---|---|---|
| Title | HBL SNF, LLC | HBL SNF, LLC | HBL SNF, LLC |
| Address: | 171 S Riverside Ave., Croton-on-Hudons, NY 10520 | 171 S Riverside Ave., Croton-on-Hudons, NY 10520 | 171 S Riverside Ave., Croton-on-Hudons, NY 10520 |
| Acct # | xxxxxx2635 | xxxxxx2908 | xxxxxx5537 |
| | | | |
| Purpose | Petty Cash | Resident Funds Checking | Resident Security Account for Private Pay |
| | | | |
| | | | |

| Name | **Regions Bank** | **Metropolitan Commercial Bank** | **Metropolitan Commercial Bank** |
|---|---|---|---|
| Title | HBL SNF, LLC | HBL SNF, LLC | HBL SNF, LLC |
| Address | 100 N. Tampa St., Suite 3100,Tampa, FL 33602 | 99 Park Ave., 12th Fl., New York, NY 10016 | 99 Park Ave., 12th Fl., New York, NY 10016 |
| Acct # | xxxxxx5238 | xxxxxx1389 | xxxxxx1397 |
| | | | |
| Purpose | Commercial Account | Checking/Operating | Medicare/Medicaid Deposit Account |
| | | | |
| | | | |

| Name | **Regions Bank** | **Regions Bank** |
|---|---|---|
| Title | HBL SNF, LLC | HBL SNF, LLC |
| Address: | 100 N. Tampa St., Suite 3100,Tampa, FL 33602 | 100 N. Tampa St., Suite 3100,Tampa, FL 33602 |
| Acct # | xxxxxx5246 | xxxxxx5254 |
| | | |
| Purpose | Non Government Receivables | Government Receivables |
| | | |
| | | |

# <u>Exhibit B</u>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
In re                                      :       Chapter 11
                                           :
HBL SNF, LLC, d/b/a EPIC REHABILITATION    :       Case No. 21-22623 (SHL)
AND NURSING AT WHITE PLAINS                :
                                           :
                            Debtor.        :
------------------------------------------------------------x
```

**INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO (A) CONTINUE TO USE
EXISTING CASH MANAGEMENT SYSTEM; AND (B) MAINTAIN EXISTING BANK
ACCOUNTS AND BUSINESS FORMS; AND
(II) WAIVING REQUIREMENTS OF 11 U.S.C. § 345(b)**

Upon the motion ("Motion")[1] of HBL SNF, LLC, d/b/a Epic Rehabilitation and Nursing at White Plains, the above-captioned debtor and debtor in possession (the "Debtor"), for entry of an Order (i) authorizing, but not requiring, the Debtor to (a) continue use of its existing cash management system and (b) maintain existing bank accounts and business forms; and (ii) waiving the requirements of 11 U.S.C. § 345(b) to the extent the Bank Accounts contain funds in excess of the amounts insured by the Federal Deposit Insurance Corporation or otherwise are not fully insured; and this Court having jurisdiction to consider the Motion and the relief requested therein; and consideration of the Motion and the relief required being a core proceeding; and venue being proper before this Court; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and this Court having determined that relief requested in the Motion being in the best interest of the Debtor, its creditors, and all parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

---

[1] All capitalized terms used and not defined herein shall have the meaning ascribed to them in the Motion.

**IT IS ORDERED** as follows:

1.       The Motion is granted on an interim basis as set forth herein.

2.       The Debtor is authorized and empowered, pursuant to sections 105(a) and 363(c)(1) of the Bankruptcy Code, to continue to use the Bank Accounts maintained by the Debtor before the commencement of the Chapter 11 Case, and to collect and disburse cash in the Bank Accounts.

3.       The Debtor hereby is authorized to: (i) designate, maintain and continue to use any and all of their existing Bank Accounts in the names and with the account numbers existing immediately prior to the commencement of the chapter 11 Case, (ii) deposit funds into and withdraw funds from such accounts by all usual means including, without limitation, checks, wire transfers, automated transfers and other debits, and (iii) treat its prepetition Bank Accounts for all purposes as debtor in possession accounts.

4.       Chase Bank, Metropolitan Commercial Bank and Regions Bank, with whom the Debtor maintains Bank Accounts, are all authorized to maintain, service and administer the Bank Accounts and any other accounts opened postpetition in accordance with applicable non-bankruptcy law.

5.       Unless otherwise ordered by this Court, Chase, Metropolitan and Regions Banks shall honor or pay any check issued or dated prior to the Petition Date; provided, however, that the aforementioned banks may rely on the representations of the Debtor with respect to whether any check or other transfer drawn or issued by the Debtor prior to the Petition Date shall be honored pursuant to an order of this Court, and Chase Bank, Metropolitan Commercial Bank, and Regions Bank shall not have any liability to any party for relying on such representations by the Debtor as provided for herein.

2

6.      The Debtor shall be and hereby is authorized, but not directed, to maintain the Chase Card in the ordinary course of business and to make payment of the prepetition amounts due and owing under the Chase Card as of the Petition Date on account of business-related expenses incurred by the Debtor in the ordinary course of business and subject to prior approval of the Office of the U.S. Trustee.  In the event the Debtor and the Office of the U.S. Trustee are unable to reach agreement regarding the payment of pre-petition expenses incurred on the Chase Card, such matters shall be considered by the Court at the Final Hearing (defined below) to be held on the Motion.

7.      The Debtor is authorized to use its existing Business Forms, including, check stock; provided, however, that after the Petition Date the Debtors shall print "Debtor In Possession" and the chapter 11 case number under which this case is being administered to any new check stock and Business Forms.

8.      Within two (2) business days after the entry of this Order, the Debtor shall serve a copy of this Order upon Chase Bank, Metropolitan Commercial Bank and Regions Bank.

9.      The Final Hearing on the Motion shall be held on _____ at ___:00 a/p.m. (Eastern Time) before the Honorable Sean H. Lane at the United States Bankruptcy Court for the Southern District of New York located at 300 Quarropas Street, White Plains, New York 10601.

10.      Objections or responses, if any, to the Motion shall be in writing, filed with the Court, with a copy to chambers, so as to be received by  (i) counsel to the Debtor, Attn: Tracy L. Klestadt, Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036-7203; (ii) counsel to any secured lender; and (iii); the Office of the United States Trustee for the Southern District of New York, Attn: Andrea Schwartz, Esq. , U.S. Federal Office Building, 201 Varick Street, Room 1006, New York, New York 10014., on or

3

before _____, 2021 at 5:00 p.m.  In the event no objections are timely filed, this Order shall continue in full force and effect and shall be deemed a Final Order without the need for further notice or hearing in accordance with Federal Rules of Bankruptcy Procedure, including without the need for the Final Hearing.

11.     Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

12.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

13.     The requirements of Bankruptcy Rule 6004(a) and (h) are hereby waived.

14.     The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

15.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated:   New York, New York
         _____, 2021


                                          _____
                                          HONORABLE SEAN H. LANE
                                          UNITED STATES BANKRUPTCY JUDGE

4