**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
Tracy L. Klestadt
Stephanie Sweeney
Christopher Reilly
200 West 41st Street, 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Fax: (212) 972-2245

*Proposed Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| HBL SNF, LLC, d/b/a EPIC REHABILITATION AND NURSING AT WHITE PLAINS | : | Case No. 21-22623 (SHL) |
| | : | |
| Debtor. | : | |

**DEBTOR'S MOTION (I) FOR AUTHORITY TO FILE UNDER SEAL
SEPARATE SCHEDULE F, MATRIX AND OTHER DOCUMENTS
CONTAINING PATIENT INFORMATION, (II) TO AUTHORIZE CERTAIN
PROCEDURES TO MAINTAIN THE CONFIDENTIALITY OF PATIENT
INFORMATION (III) TO MODIFY NOTICE TO PATIENTS, AND
(IV) FOR RELIEF FROM REQUIRED FORM OF MAILING MATRIX
WITH REGARD TO SEPARATE MATRIX**

HBL SNF, LLC, d/b/a Epic Rehabilitation and Nursing at White Plains, the debtor and debtor-in-possession (the "Debtor") respectfully submits this motion (the "Motion") for an order (i) authorizing the Debtor to file under seal a separate Schedule F and matrix containing all patients with known or suspected claims (the "Patient Matrix" and "Supplemental Schedule F," respectively) as well as any other references to Patients in any other filing, (ii) authorizing certain procedures to maintain the confidentiality of patient information, (iii) modifying notice to patients, and (iv) granting relief from required form of mailing matrix with regard to the Patient Matrix, pursuant to section 107(b) of title 11 of the United States Code ("Bankruptcy Code"), Rule 9018

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and S.D.N.Y. Local Bankruptcy Rule 9018-1.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue of this proceeding and of this Motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested in the Motion is section 107 of the Bankruptcy Code, Bankruptcy Rule 9018, and S.D.N.Y. Local Bankruptcy Rule 9018-1.

## BACKGROUND

4. On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Subchapter V of Chapter 11 of the Bankruptcy Code commencing the above-captioned Chapter 11 case (the "Chapter 11 Case") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

5. The Debtor remains in possession of its assets and continues to manage its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6. No trustee or committee , with the exception of a Subchapter V trustee, has been appointed in this case.

7. A detailed description of the Debtor's business and the facts precipitating the filing of the Bankruptcy Case are set forth in the *Declaration of Lizer Jozefovic Pursuant to Local Bankruptcy Rule 1007-2 and in Support of Chapter 11 Subchapter V Petition and First Day Motions* (the "First Day Declaration"). Those facts are incorporated herein by reference.

**RELIEF REQUESTED**

8. As more fully described in the First Day Declaration, the Debtor operates a senior care and skilled nursing health facility in the state of New York (the "Facility"). The Facility provides long-term care and rehabilitative services to many patients (the "Patients").[1] The Debtor believes that the overwhelming majority of Patients are not creditors and do not hold claims against the Debtor or its estate. The Debtor intends to include all Patients with known or suspected claims on its schedules in a Supplemental Schedule F (defined below).

9. By this Motion, the Debtor requests that the Court enter an Order, substantially in the form attached, authorizing, but not requiring the Debtor (A) to file under seal the Supplemental Schedule F and Patient Matrix and any other references to Patients in any other filings, (B) to omit any reference to Patients from any certificate of service not filed under seal; (C) to provide notice of these proceedings to all Patients via publication and provide separate notice to those Patients that are (i) included on the Supplemental Schedule F, (ii) request further notices and/or pleadings, or (iii) timely file a proof of claim; and (D) to authorize the Debtor to submit an alternatively formatted mailing matrix with respect to Patients.

**BASIS FOR RELIEF REQUESTED**

**I.    The Court Should Authorize the Debtors to File Under Seal the Supplemental Schedule F and Patient Matrix and any Other Filings and Omit Any References to Patients from Any Certificate of Service Not Filed Under Seal to Allow the Debtors to Comply with Their Obligations Under HIPAA**

10. In order for the Debtor comply with their confidentiality requirements under the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320d et seq. ("HIPAA"), while also allowing the Debtor to comply with their disclosure requirements in this

---

[1] "Patients" is defined to encompass both current and former patients of the Debtor, as well as guardians or responsible parties to the Debtor's current and former patients, to the extent known to the Debtor.

3

Chapter 11 Case, the Debtor seeks approval to file the Supplemental Schedule F and Patient Matrix and any other references to Patients in any other filings under seal. The Debtor also seeks authorization to omit any reference to Patients from any certificate of service not filed under seal.

11. HIPAA prohibits the "wrongful disclosure" of "individually identifiable health information." 42 U.S.C. § 1320d-6; see also 45 C.F.R. § 164.502 (collectively, the "HIPAA Privacy Rule"). The term "individually identifiable health information" is defined as any information relating to the individual's "past, present or future physical or mental health or condition, the provision of health care to the individual, or the past, present or future payment for the provision of health care to the individual" that also "identifies the individual or with respect to which there is a reasonable basis to believe that the information can be used to identify the individual." 42 U.S.C. § 1320d(6).

12. Patients of the Debtor with claims against the Debtor must be listed in the Debtor's Schedules and Statements (the "Schedules"). The simple listing of a Patient's name on the Schedule F, the creditor matrix under Rule 1007 and S.D.N.Y. Local Bankruptcy Rule 1007-1, the Schedules, a certificate of service or any other filing would violate the HIPAA Privacy Rule. Absent relief, the Debtor respectfully submits that they cannot simultaneously comply with their obligations under HIPAA and their disclosure requirements in this Chapter 11 Case.

13. For these reasons, the Debtor seeks this Court's authorization to file the Patient Matrix and Supplemental Schedule F, as well as any other reference to any Patient in any other filing, under seal. The Patient Matrix will list all Patients currently in the care of the Debtor. The Supplemental Schedule F will list any Patient with a known or suspected claim against the Debtor. The Debtor will make an unredacted copy of the Supplemental Schedule F and Patient Matrix as well as any other filing referencing a Patient and filed under seal available to (a) the Court and to

4

the United States Trustee upon request; and (b) any other party-in-interest only after this Court has entered an order, after notice and a hearing, authorizing the Debtor to do so.

14. The Court is authorized to grant relief under section 107(b) of the Bankruptcy Code. Section 107(b) provides that, "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." Bankruptcy Rule 9018 provides that "the court may make any order which justice requires to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information."

15. In addition to the relief requested above, the Debtor seeks authorization to omit any reference to Patients from any certificate of service not filed under seal. When the Debtor serves any paper upon any person listed on the Patient Matrix and on Schedule F, the Debtor will note in the respective certificate of service that the parties served include persons listed on the Patient Matrix. Notwithstanding the foregoing, the Debtor shall not be required (but may elect) to file under seal any references in any of its Schedules or other filings containing any reference to litigations commenced by or against Patients, since the existence of and parties to such litigations are already in the public domain.

16. Because the privacy restrictions of HIPAA may still be imposed beyond final disposition of these cases, the Debtor further requests that the Supplemental Schedule F and Patient Matrix, as well as any other documents filed under seal pursuant to this Motion, be kept confidential indefinitely and not deemed unsealed after the final disposition of these cases.

17. The requested relief is entirely appropriate to permit the Debtor to comply with its requirements under HIPAA and its disclosure requirements in this Chapter 11 Case. In light of the above, the Debtor submits that the relief requested in this Motion is in the best interests of the

Debtor's estate and does not prejudice the rights of any party in this Chapter 11 Case.

**II.     The Court Should Authorize Notice to the Patients by Publication Unless a Patient is Included on a Supplemental Schedule F**

18.     The Debtor seeks the Court's authorization to provide notice to all Patients via publication in the local newspapers, as set forth in the Publication Notice attached to this Motion as Exhibit A (the "Publication Notice"). The Debtor intends to provide written notice to all Patients that hold known claims against the Debtor on the Supplemental Schedule F. However, it would be extremely costly for the Debtor to provide formal, written, ongoing notice to every single one of the Patients that do not hold known claims against the Debtor. In addition, some of the Patients who are no longer being treated by the Debtor have likely moved or otherwise reside at an address other than the address in the Debtor's records. Accordingly, the Debtor seeks authorization to provide notice to the Patients not listed on the Supplemental schedule F by publication.

19.     The Debtor submits that notice by publication to all Patients is an entirely appropriate and adequate means of providing notice. The Publication Notice includes the date that the petition was filed, the case numbers, the location of the United States Bankruptcy Court for the Southern District of New York (the "Court"), the Claims Agent's website, and will include other relevant information as it becomes available. Additionally, the Debtor's Claims Agent's website will assist Patients in gathering whatever information about the case is relevant to them. Moreover, the Debtor will publish the Publication Notice in a local newspaper. The Debtor submits that the proposed notice by publication is reasonably calculated under the circumstances to provide notice to Patients of the Debtor.

20.     The Debtor, therefore, requests that the Court enter an Order deeming such notice on the terms set forth herein to provide effective, adequate, and sufficient notice to all Patients and reasonably calculated under the circumstances to apprise those parties of the filing of this Chapter

6

11 Case. The Debtor further requests that, except with respect to Patients with known claims, no other notices and/or pleadings be required to be given to the Patients in these cases unless any such Patient requests further notices and/or pleadings or timely files a proof of claim.

### III.    The Court Should Grant Relief from the Form of the Patient Matrix

21.    Because the Debtor is seeking authority to file the Patient Matrix under seal, and because technical compliance with S.D.N.Y. Local Bankruptcy Rule 1007-1 would cause the Debtor to incur significant cost and would result in undue delay, the Debtor respectfully requests that it not be required to provide the Patient Matrix in the format required by the Local Rules. The Debtor believes that it is in the best interests of the estate that the Patient Matrix be submitted in a format that can be readily created from the Debtor's existing records.

### NOTICE

22.    Notice of this Motion will be given to: (i) the Office of the United States Trustee for the Southern District of New York, Attn: Andrea Schwartz, Esq.; (ii) the New York State Department of Health; (iii) counsel to the DIP Lender; (iv) New York State Office of the State Long Term Care Ombudsman, county of Westchester; (v) the duly appointed patient care ombudsman in this Case; (vi) the United States Attorney's Office for the Southern District of New York; (vii) the Internal Revenue Service; (viii) the parties included on the Debtor's consolidated list of twenty (20) largest unsecured creditors; (ix) counsel to WPHCP; (x) counsel to Security Benefit; (xi) the Subchapter V trustee, and (xii) any party that has requested notice pursuant to Bankruptcy Rule 2002.

**CONCLUSION**

**WHEREFORE**, the Debtor respectfully requests that the Court enter the proposed order, substantially in the form attached as **Exhibit B**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: New York, New York
November 1, 2021

                                        KLESTADT WINTERS JURELLER
                                      SOUTHARD & STEVENS, LLP

By: */s/ Tracy L. Klestadt*
Tracy L. Klestadt
Stephanie Sweeney
Christopher Reilly
200 West 41st Street, 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: tklestadt@klestadt.com
       ssweeney@klestadt.com
       creilly@klestadt.com

*Proposed Attorneys for the Debtor and Debtor-in-Possession*

# Exhibit A

TAKE NOTICE that HBL SNF, LLC, d/b/a Epic Rehabilitation and Nursing at White Plains (the "Debtor") filed for protection under Chapter 11 of the Bankruptcy Code on November 1, 2021, in the United States Bankruptcy Court for the Southern District of New York (the "Court"), White Plains Division. The bankruptcy case number is 21-22623 (SHL). If you believe you are owed money by, or otherwise may have a claim against the Debtor, you are hereby advised to file a proof of claim against the Debtor. Any creditor who fails to file a proof of claim, will be barred from asserting its claims against the Debtor. Information regarding the Debtor's case may be obtained from the Debtor's Claims & Noticing Agent, Rust Omni, at: https://omniagentsolutions.com/hbl.

Creditors may also call Klestadt Winters Jureller Southard & Stevens, LLP, proposed counsel for the Debtor, at the following number for further information: (212) 972-3000.

# **Exhibit B**

**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
Tracy L. Klestadt
Stephanie Sweeney
Christopher Reilly
200 West 41st Street, 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Fax: (212) 972-2245

*Proposed Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                              :    Chapter 11
                                                                   :
HBL SNF, LLC, d/b/a EPIC REHABILITATION                            :    Case No. 21-22623 (SHL)
AND NURSING AT WHITE PLAINS                                        :
                                                                   :
                        Debtor.                                    :
------------------------------------------------------------------x

**ORDER GRANTING DEBTOR'S MOTION (I) FOR AUTHORITY TO FILE
UNDER SEAL SEPARATE SCHEDULE F, MATRIX AND OTHER
DOCUMENTS CONTAINING PATIENT INFORMATION, (II) TO AUTHORIZE
CERTAIN PROCEDURES TO MAINTAIN THE CONFIDENTIALITY OF
PATIENT INFORMATION (III) TO MODIFY NOTICE TO PATIENTS, AND
(IV) FOR RELIEF FROM REQUIRED FORM OF MAILING MATRIX
WITH REGARD TO SEPARATE MATRIX**

Upon the Motion (the "Motion") of HBL SNF, LLC, (the "Debtor"), the Debtor in the above-captioned chapter 11 case, for entry of interim and final orders (i) authorizing the Debtor to file under seal a separate Schedule F and matrix containing all patients with known or suspected claims (the "Patient Matrix" and "Supplemental Schedule F," respectively) as well as any other references to Patients in any other filing, (ii) authorizing certain procedures to maintain the confidentiality of patient information, (iii) modifying notice to patients, and (iv) granting relief from required form of mailing matrix with regard to the Patient Matrix, pursuant to section 107(b) of title 11 of the United States Code ("Bankruptcy Code"), Rule 9018 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and S.D.N.Y. Local Bankruptcy Rule 9018-1, and due and sufficient notice of the relief requested in the Motion having been given under the circumstances, and no other or further notice being necessary or required except as provided herein; and upon the record of the hearing on the Motion and after due deliberation, it appearing that good and sufficient cause exists for the granting the relief as set forth herein, it is hereby

**ORDERED**, that the Motion is Granted; and it is further

**ORDERED**, that the Debtor is authorized to file a Supplemental Schedule F and Patient Matrix, as well as all other documents containing Patient information, under seal. Notwithstanding the foregoing, the Debtor may elect not to file under seal any references in its schedules, statement of financial affairs or other filings any reference to litigations commenced by or against Patients, since the existence of and parties to such litigations are already in the public domain, and such disclosure shall be consistent with and not violate HIPAA; and it is further;

**ORDERED**, that the Clerk of the Court shall accept each separate Supplemental Schedule F and Patient Matrix, as well as any other document referencing Patient information, for filing and shall file such documents under seal; and it is further

**ORDERED**, that the Debtor shall omit any reference to the names of Patients from the publicly filed matrix of creditors and any certificate of service not filed under seal; and it is further

**ORDERED**, that the Debtor shall make an un-redacted copy of the Supplemental Schedule F, the Patient Matrix and any other document filed under seal containing Patient information available to (a) the Court and to the United States Trustee upon request; and (b) any other party in interest only after this Court has entered an order, after notice and a hearing, authorizing the Debtor to do so; and it is further

**ORDERED**, that the Patient Matrix, Supplemental Schedule F and other documents filed

under seal pursuant hereto shall be kept confidential indefinitely and shall not be deemed unsealed 60 days after the final disposition of the bankruptcy proceedings; and it is further

**ORDERED**, that all Patients with known or suspected claims against the Debtor shall be included in a Supplemental Schedule F and shall receive the notices provided to other general unsecured creditors in the Chapter 11 Case; and it is further

**ORDERED**, that the notice to Patients substantially in the form attached as Exhibit A to the Motion shall be published in a local newspaper within 30 days of the entry of this Order and shall be deemed effective, adequate, and sufficient notice to all Patients, other than Patients included on a Supplemental Schedule F, and reasonably calculated under the circumstances to apprise those parties of the filing of the Debtor's Chapter 11 Case, and no further notices and/or pleadings are required to be given to such Patients in these cases unless any such Patient requests further notices and/or pleadings or such timely files a proof of claim; and it is further

**ORDERED**, that the Debtor is not required to file the Patient Matrix in the format required by the Local Rules for the filing of creditor matrices. The Patient Matrix may be submitted in a format that can be readily created from the Debtor's existing records; and it is further

**ORDERED**, that the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order; and it is further

**ORDERED**, that this Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation or enforcement of this Order.

Dated:    New York, New York
         _____, 2021

                                            _____
                                            HONORABLE SEAN H. LANE
                                            UNITED STATES BANKRUPTCY JUDGE