**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**
Tracy L. Klestadt
Stephanie Sweeney
Christopher Reilly
200 West 41st Street, 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Fax: (212) 972-2245

**Hearing Date: December 7, 2021 @ 11:00 a.m. (EST)**
**Objection Deadline: November 30, 2021 @ 11:59 p.m. (EST)**

*Proposed Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| HBL SNF, LLC, d/b/a EPIC REHABILITATION AND NURSING AT WHITE PLAINS, | : | (Subchapter V) |
| | : | |
| | : | Case No. 21-22623 (SHL) |
| Debtor. | : | |

-------------------------------------------------------------------x

**DEBTOR'S MOTION FOR ENTRY
OF AN ORDER (A) ESTABLISHING PROCEDURES FOR
INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES
OF RETAINED PROFESSIONALS AND (B) GRANTING RELATED RELIEF**

HBL SNF, LLC, d/b/a Epic Rehabilitation and Nursing at White Plains, the debtor and debtor-in-possession (the "Debtor") in the above-captioned Chapter 11 case (the "Chapter 11 Case"), hereby submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit "A" (the "Interim Compensation Order"), pursuant to sections 105(a) and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") and General Order M-412 (the "Standing Order"), establishing procedures for the allowance of monthly compensation and the

reimbursement of expenses of Professionals (defined below) retained pursuant to orders of this Court by the Debtor. In support of the Motion, the Debtor respectfully represents as follows:

## BACKGROUND

1. On November 1, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Subchapter V of Chapter 11 of the Bankruptcy Code commencing the above-captioned Chapter 11 case (the "Chapter 11 Case") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. The Debtor remains in possession of its assets and continues to manage its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. No committee or trustee, with the exception of a Subchapter V trustee, has been appointed in this case.

4. A detailed account of the Debtor's business and the events precipitating the bankruptcy filing are included in the *Declaration of Lizer Jozefovic Pursuant to Local Bankruptcy Rule 1007-2 and in Support of Chapter 11 Subchapter V Petition and First Day Motions* [Docket No. 3].

## JURISDICTION

5. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

6. Venue of these cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The predicates for the relief requested herein are sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-1, and the Standing Order.

## RETAINED PROFESSIONALS

8. The Debtors expect to file applications to retain certain professionals in the Chapter 11 Case, including, but not limited to, (i) Klestadt Winters Jureller Southard & Stevens, LLP, as general counsel to the Debtor; and (ii) HMM, CPAs LLP as accountants to the Debtor, and potentially other professionals as may be determined by the Debtor in its business judgment (collectively, the "Professionals").

## RELIEF REQUESTED

The Debtor seeks entry of the Interim Compensation Order establishing the proposed procedures described below for the allowance of monthly compensation and the reimbursement of expenses of the Debtor's Professionals retained pursuant to orders of this Court.

## PROPOSED INTERIM COMPENSATION PROCEDURES

9. Pursuant to section 331 of the Bankruptcy Code, all Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the bankruptcy court permits. The Debtor proposes the following procedures (the "Compensation Procedures")[1] for the interim payment of compensation and reimbursement of expenses of the Professionals:

(a) On or before the twenty-fifth (25th) day of each month following the month for which compensation is sought, each of the Debtor's Professionals seeking compensation under the Interim Compensation Order shall serve a monthly statement (the "Monthly Fee Statement") by hand or overnight delivery on: (i) the Debtor, Lizer Jozefovic, HBL SNF, LLC, d/b/a Epic Rehabilitation and Nursing at White Plains, 1278 Albany Post Road, Croton-on-Hudson, New York, 10520, e-mail; (ii) counsel to the U.S. Trustee for Region 2, 201 Varick Street, Room 1006, New York, NY 10014 (Attn.: Andrea Schwartz, Esq.), email andrea.b.schwartz@usdoj.gov; (iii) proposed counsel to the Debtor, Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41 Street, 17th Floor, New York, NY 10036-7203 (Attn.: Tracy L. Klestadt, Esq.), e-mail tklestadt@klestadt.com; (iv) counsel for DIP Lender, Foley & Lardner, LLP, 90

---

[1] To the extent that there is a conflict between the relief sought in this Motion and the orders approving the retention of the Professionals (the "Retention Orders"), the Retention Orders shall govern.

3

    Park Avenue, New York, NY 10016 (Attn: Alissa Nann, Esq.), e-mail anann@foley.com; and (v) the Subchapter V Trustee, White & Williams, LLP, 7 Times Square, Suite 2900, New York, NY 10036 (Attn: Heidi Sorvino, Esq.), e-mail: sorvinoh@whiteandwilliams.com (collectively, the "Notice Parties");

(b)  On or before the twenty-fifth (25th) day of each month following the month for which compensation is sought (the "Monthly Fee Statement Filing Deadline"), each of the Debtor's Professionals seeking compensation under the Interim Compensation Order shall file a Monthly Fee Statement with the Court; however, a courtesy copy need not be delivered to the Judge's chambers. The Monthly Fee Statement does not alter the fee application requirements outlined in §§ 330 and 331 of the Bankruptcy Code. The Debtor's Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules;

(c)  Each Monthly Fee Statement must contain a list of the individuals — and their respective titles (e.g., attorney, accountant or paralegal) — who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no professional should seek reimbursement of an expense which would otherwise not be allowed pursuant to the Court's General Order M-447 or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour;

(d)  If any party in interest has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement, such party shall, by no later than the fortieth (40th) day following the month for which compensation is sought (the "Objection Period"), file with the Court and serve upon the Professional whose Monthly Fee Statement is objected to, and the other Notice Parties designated to receive statements in paragraph (a), a written notice (the "Notice of Objection to Fee Statement") setting forth the nature of the objection and the amount of fees or expenses at issue;

(e)  At the expiration of the Objection Period, the Debtor shall promptly pay eighty (80) percent of the fees and one hundred (100) percent of the expenses identified in each Monthly Fee Statement to which no objection has been served in accordance with paragraph (d);

(f)  If a Notice of Objection to Fee Statement is filed, the Debtor shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e) unless the Professional whose statement is objected to seeks an order from the Court, upon notice and a hearing, directing payment to be made;

4

(g)     If the objecting party and the Professional are able to resolve their dispute following the filing of a Notice of Objection to Fee Statement and if the Professional whose Monthly Fee Statement was objected to files a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtor shall promptly pay, in accordance with paragraph (e), that portion of the Monthly Fee Statement which is no longer subject to an objection;

(h)     All objections that are not resolved by the parties or Court order shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court (see paragraph (j) below);

(i)     The service of an objection in accordance with paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground whether raised in the objection or not. Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not constitute a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code;

(j)     Approximately every 120 days, but no more than every 150 days, each of the Debtor's Professionals shall serve and file with the Court an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested for the relevant period;

(k)     Any Professional who fails to file an application seeking approval of compensation and expenses previously paid under the Interim Compensation Order when due shall (i) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court, and (ii) may be required to disgorge any fees paid since retention or the last fee application, whichever is later;

(l)     The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a Professional from future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court;

(m)     Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement of expenses as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals;

(n)     The Debtor further requests that the Court limit service of the full copies of interim and final fee applications (collectively, the "<u>Applications</u>") to the Notice Parties. All other parties that have filed a notice of appearance in the Chapter 11 Case would be served with a notice of the hearing to consider the Applications (the "<u>Hearing Notice</u>"), with a right to receive copies of the Applications upon request; and

5

(o)    The Debtor shall include all payments to Professionals on its monthly operating reports detailed so as to state the amount paid to each Professional.

## BASIS FOR RELIEF

10.    Pursuant to section 331 of the Bankruptcy Code, all Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the bankruptcy court permits. *See* 11 U.S.C. § 331. The court may permit more frequent applications if the circumstances warrant. *See, e.g., In re Mariner Post-Acute Network, Inc.*, 257 B.R. 723, 727 (Bankr. D. Del. 2000). In addition, Local Rule 2016-1 and the Standing Order specifically authorize the use of interim compensation procedures.

11.    The Debtor believes that establishing orderly procedures for payment of the Professionals will streamline the administration of the Chapter 11 Case and otherwise promote efficiency for the Court, the U.S. Trustee, and all parties-in-interest. Specifically, a streamlined process for serving interim fee applications and the notices thereof is in the best interest of the Debtor because it will facilitate efficient review of the Professionals' fees and expenses while saving the estate unnecessary copying and mailing expenses.

12.    Factors generally considered by courts in determining whether such relief is warranted include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors . . . ." *See, e.g., In re Int'l Horizons, Inc.*, 10 B.R. 895, 897 (Bankr. N.D. Ga. 1981) (establishing procedures for monthly interim compensation); *In re Insilco Techs., Inc.*, 291 B.R. 628, 633 n.7 (Bankr. D. Del. 2003) (noting that interim compensation procedures orders often alleviate problems caused "by having to await court approval of quarterly fee requests, while accruing substantial time and costs in prosecuting the chapter 11 proceeding"). The size of these cases and the amount of time and effort that will be

6

required from the Professionals to finalize the contemplated sale process and otherwise administer the cases justifies the Compensation Procedures requested herein. Indeed, such Compensation Procedures are necessary to ensure that the Professionals are fairly and timely compensated for their services in these cases and are not forced to bear undue financial burden or risk caused by delays in payment.

13.     The Debtor submits that serving the Applications and the Hearing Notices in the manner proposed herein will permit the parties most active in the Chapter 11 Case to review and object to the Professionals' fees efficiently and will save unnecessary duplications and mailing expenses.

14.     The Trustee further submits that the Compensation Procedures are appropriate and consistent with the interim compensation procedures established in other chapter 11 cases in this district. *See, e.g., In re Aralez Pharmaceuticals US Inc.*, No. 18-12452 (MG) (Bankr. S.D.N.Y. Oct. 11, 2019); *In re Cenveo, Inc.*, No. 18-22178 (RDD) (Bankr. S.D.N.Y. Mar. 8, 2018); *In re Cumulus Media Inc.*, No. 17-13381 (SCC) (Bankr. S.D.N.Y. Dec. 21, 2017); *In re CGG Holding (U.S.) Inc.*, No. 17-11637 (MG) (Bankr. S.D.N.Y. Jul. 14, 2017); *In re Westinghouse Electric Co. LLC*, No. 17-10751 (MEW) (Bankr. S.D.N.Y. May 24, 2017); *In re SquareTwo Financial Services Corp.*, No. 17-10659 (JLG) (Bankr. S.D.N.Y. Apr. 28, 2017); *In re DACCO Transmission Parts (NY), Inc.*, No. 16-13245 (MKV) (Bankr. S.D.N.Y. Jan. 18, 2016); *In re AOG Entertainment, Inc.*, No. 16-11090 (SMB) (Bankr. S.D.N.Y. June 3, 2016); *In re SunEdison, Inc.*, No. 16-10992 (SMB) (Bankr. S.D.N.Y. May 12, 2016).

15.     The Debtor respectfully submits that the Compensation Procedures sought herein are appropriate in light of the foregoing. The Compensation Procedures substantially comply with the guidelines promulgated by this Court pursuant to Local Rule 2016-1.

**NOTICE**

16.    Notice of this Motion will be provided to: (i) the Office of the United States Trustee for the Southern District of New York, Attn: Andrea Schwartz, Esq.; (ii) the New York State Department of Health; (iii) counsel to CNH Finance Fund I, L.P.; (iv) New York State Office of the State Long Term Care Ombudsman, county of Westchester; (v) the duly appointed patient care ombudsman in this Case; (vi) the United States Attorney's Office for the Southern District of New York; (vii) the Internal Revenue Service; (viii) the parties included on the Debtor's consolidated list of twenty (20) largest unsecured creditors; (ix) counsel to WPHCP; (x) counsel to Security Benefit; (xi) the Subchapter V trustee, and (xii) any party that has requested notice pursuant to Bankruptcy Rule 2002. Considering the nature of the relief requested, the Debtor respectfully submits that no further notice is necessary.

**NO PRIOR REQUEST**

17.    No previous application for the relief sought herein has been made to this or any other court.

**CONCLUSION**

**WHEREFORE**, the Debtor respectfully requests that the Court enter the Interim Compensation Order, substantially in the form attached hereto as Exhibit "A", granting the relief requested in the Motion and such other and further relief to the Debtor as the Court may deem just and proper.

Dated: New York, New York
November 9, 2021

        KLESTADT WINTERS JURELLER
        SOUTHARD & STEVENS, LLP

By: */s/ Tracy L. Klestadt*
    Tracy L. Klestadt
    Stephanie Sweeney
    Christopher Reilly
    200 West 41st Street, 17th Floor
    New York, New York 10036
    Tel: (212) 972-3000
    Fax: (212) 972-2245
    Email: tklestadt@klestadt.com
           ssweeney@klestadt.com
           creilly@klestadt.com

*Proposed Attorneys for the Debtor and
Debtor-in-Possession*

# **Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                             :    Chapter 11
                                                                  :
HBL SNF, LLC, d/b/a EPIC REHABILITATION          :    (Subchapter V)
AND NURSING AT WHITE PLAINS,                     :
                                                                  :    Case No. 21-22623 (SHL)
                                          Debtor.            :
------------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105(A) AND 331 OF THE BANKRUPTCY CODE ESTABLISHING PROCEDURES FOR MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the motion (the "Motion")[1] of HBL SNF, LLC, d/b/a Epic Rehabilitation and Nursing at White Plains, the debtor and debtor-in-possession (the "Debtor") in the above-captioned Chapter 11 case (the "Chapter 11 Case"), for entry of an order, pursuant to sections 105(a) and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") and General Order M-412 (the "Standing Order"), establishing procedures for monthly compensation and reimbursement of expenses of Professionals; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and venue of the Chapter 11 Case and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Bankruptcy Rules, and that, except as otherwise ordered herein, no other or further notice

---

[1] Capitalized terms used but not immediately defined shall have the meanings ascribed to them elsewhere in this Order and/or the Motion, as applicable.

1

is necessary; and objections (if any) to the Motion having been withdrawn or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion; and upon the record of the hearing and all of the proceedings had before the Court; and upon the representation of the Debtor that this estate is administratively solvent; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Except as may otherwise be provided in an order of the Court authorizing the retention of a specific professionals, the Debtor's Professionals, retained pursuant to an order of the Court in the Chapter 11 Case, may seek monthly compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

   (a) On or before the twenty-fifth (25th) day of each month following the month for which compensation is sought, each of the Debtor's Professionals seeking compensation under the Interim Compensation Order shall serve a monthly statement (the "Monthly Fee Statement") by hand or overnight delivery on: (i) the Debtor, Lizer Jozefovic, HBL SNF, LLC, d/b/a Epic Rehabilitation and Nursing at White Plains, 1278 Albany Post Road, Croton-on-Hudson, New York, 10520, e-mail; (ii) counsel to the U.S. Trustee for Region 2, 201 Varick Street, Room 1006, New York, NY 10014 (Attn.: Andrea Schwartz, Esq.), email andrea.b.schwartz@usdoj.gov; (iii) proposed counsel to the Debtor, Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41 Street, 17th Floor, New York, NY 10036-7203 (Attn.: Tracy L. Klestadt, Esq.), e-mail tklestadt@klestadt.com; (iv) counsel for DIP Lender, Foley & Lardner, LLP, 90 Park Avenue, New York, NY 10016 (Attn: Alissa Nann, Esq.), e-mail anann@foley.com; and (v) the Subchapter V Trustee, White & Williams, LLP, 7 Times Square, Suite 2900, New York, NY 10036 (Attn: Heidi Sorvino, Esq.), e-mail: sorvinoh@whiteandwilliams.com (collectively, the "Notice Parties");

a. On or before the twenty-fifth (25th) day of each month following the month for which compensation is sought (the "Monthly Fee Statement Filing Deadline"), each of the Debtor's Professionals seeking compensation under the Interim Compensation Order shall file a Monthly Fee Statement with the Court, redacted as may be necessary to preserve confidential or privileged information. Courtesy copies need not be delivered to Chambers. This Order does not alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code, and Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules;

b. Each Monthly Statement must contain a list of the individuals and their respective titles *(e.g.,* attorney, accountant or paralegal), who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual by appropriate billing categories, a reasonably detailed breakdown of the disbursements incurred (no Professional should seek reimbursement of an expense which would otherwise not be allowed pursuant to the Court's Administrative Orders dated June 24, 1991 and April 21, 1995 or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated January 30, 1996), and contemporaneously-maintained time entries for each individual in increments of tenths (1/10) of an hour, unless deviations from such timekeeping requirements have been approved by the Court in connection with the retention of such Professional;

c. If any party in interest has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement, such party shall, by no later than the fortieth (40th) day following the month for which compensation is sought (the "Objection Period"), file with the Court and serve upon the Professional whose Monthly Fee Statement is objected to, and the other Notice Parties designated to receive statements in paragraph (a), a written notice (the "Notice of Objection to Fee Statement") setting forth the nature of the objection and the amount of fees or expenses at issue;

d. At the expiration of the Objection Period, the Debtor shall promptly pay eighty (80) percent of the fees and one hundred (100) percent of the expenses identified in each Monthly Fee Statement to which no objection has been served in accordance with paragraph (d);

e. If a Notice of Objection to Fee Statement is filed, the Debtor shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and

3

       disbursements in the percentages set forth in paragraph (e) unless the Professional whose statement is objected to seeks an order from the Court, upon notice and a hearing, directing payment to be made;

f.     If the objecting party and the Professional are able to resolve their dispute following the filing of a Notice of Objection to Fee Statement and if the Professional whose Monthly Fee Statement was objected to files a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtor shall promptly pay, in accordance with paragraph (e), that portion of the Monthly Fee Statement which is no longer subject to an objection;

g.     All objections that are not resolved by the parties or Court order shall be preserved and presented to the Court at the next interim or final fee application hearing to be held by the Court (as described in sub-paragraph (j) below);

h.     The service of an objection in accordance with paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground whether raised in the objection or not. Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not constitute a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code;

i.     Approximately every one hundred twenty (120) days, but no more than every one hundred fifty (150) days, each of the Professionals shall serve and file with the Court an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested (each an "Interim Application" and a "Final Application," respectively; collectively, the "Applications");

j.     The applicable attorney for the Debtor shall obtain a date from the Court for the hearing to consider Interim Applications for all Professionals (the "Interim Fee Hearing"). At least twenty-one (21) days prior to the Interim Fee Hearing, the attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all applicable Professionals, setting forth the time, date and location of the Interim Fee Hearing, the period covered by the Applications, and the objection deadline. Any Professional unable to file its own Interim Application with the Court shall deliver to the applicable Debtor's attorneys a fully executed copy of such Application and the attorneys shall file and serve such Application with the Court.

      k.    Any Professional who fails to file a Monthly Statement for a particular month may include fees and expenses for such month in a subsequent Monthly Statement or Application;

      l.    Any Professional who fails to file an Interim Application or Final Application shall: (i) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court; and (ii) may be required to disgorge any fees paid since such Professional's retention or the filing of the Professional's last fee application, whichever is later;

      m.    The pendency of an application or Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a Professional from future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court; and

      n.    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professional.

3.    In accordance with the General Order, the Compensation Procedures provide that each Professional may seek, in its first request for compensation and reimbursement of expenses pursuant to this Order, compensation for work performed and reimbursement for expenses, incurred during the period beginning on the effective date of the Professional's retention and ending on November 30, 2021.

4.    The amount of fees and disbursements sought shall be set out in U.S. dollars and paid in U.S. dollars.

5.    Service of the Applications may be limited to the Notice Parties. Notices of hearings to consider Applications shall be limited to the Notice Parties and any party who files a notice of appearance and requests notices in the Chapter 11 Case.

6.    The Debtor shall include all payments to its Professionals on its monthly operating reports, detailed so as to state the amount paid to each Professional.

7. Any party may object to requests for payments made pursuant to this Order on the grounds that any Debtor has not timely filed monthly operating reports, remained current with their administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists, by seeking a further order of this Court, otherwise, this Order shall continue and shall remain in effect during the pendency of the Chapter 11 Case.

8. All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9. Any and all other and further notice of the relief requested in the Motion shall be, and hereby is, dispensed with and waived; provided, however, that the Debtor must serve a copy of this Order on all entities specified in sub-paragraph 2(a) hereof.

10. The requirements set forth in Local Rule 9013-1(b) are satisfied.

11. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h).

12. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

White Plains, New York  
Dated: _____, 2021

          HONORABLE SEAN H. LANE  
          UNITED STATES BANKRUPTCY JUDGE