**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x

In re:

                                             Chapter 11

HBL SNF, LLC, d/b/a EPIC REHABILITATION
AND NURSING AT WHITE PLAINS,               Case No. 21-22623 (SHL)


                                   Debtor.

------------------------------------------------------------------------x

### LIMITED OBJECTION AND RESERVATION OF RIGHTS OF WHITE PLAINS HEALTHCARE PROPERTIES I, LLC TO DEBTOR'S MOTION FOR ENTRY OF A FINAL ORDER AURTHORIZING THE DEBTOR TO BORROW PURSUANT TO A POST-PETITION SENIOR SECURED FINANCING FACILITY

White Plains Healthcare Properties I, LLC ("WPH Properties" or the "Landlord"), by and through its undersigned counsel, respectfully submits this Limited Objection and Reservation of Rights (the "Limited Objection") to the motion (the "DIP Motion") of HBL SNF, LLC (the "Debtor" or "HBL") for an order, inter alia, authorizing the Debtor to obtain a post-petition senior secured revolving credit facility in an aggregate amount of up to $4,000,000 (the "DIP Facility") from CNH Finance Fund I, L.P. (the "DIP Lender") on the terms set forth in the Term Sheet attached to the DIP Motion as Exhibit B.

### PRELIMINARY STATEMENT

Under the proposed DIP Facility, it is an event of default if the Lease (defined below) is determined to be terminated. As the Court is aware, it is WPH Properties' position that the Lease was validly terminated, and that issue is currently the subject of a fully briefed summary judgment motion before the Court. WPH Properties files this objection to the DIP Motion for the limited purpose of ensuring that approval of the DIP Facility will not in any way prejudice

any of its rights or arguments in connection with the pending summary judgment motion or its position that the Lease has been validly terminated.

## **BACKGROUND**

1.     WPH Properties is and was at all relevant times the owner of the real property known as 116-120 Church Street, White Plains, New York, on which WH Properties constructed a brand new, state-of-the-art, 160-bed skilled nursing facility (the "Facility").

2.     In 2017, WPH Properties, as Landlord, and Debtor, as tenant, entered into the amended and restated Lease of the Real Property, dated as of November 19, 2015 (the "Lease"), a copy of which is annexed hereto as Exhibit 1.

3.     On September 30, 2019, HBL took possession of the Facility and the Lease term commenced.

4.     The lease obligated HBL to deliver to WPH Properties, before the commencement date of the Lease, an unconditional letter of credit or cash in the amount of $3,700,000 to secure the full and timely performance of its obligations under the Lease.

5.     The Debtor failed to timely deliver the $3,700,000 security deposit to WPH Properties and has never delivered the security deposit at any time since the Lease commenced more than two years ago.

6.     The Lease also obligated HBL to deliver to WPH Properties, before the commencement date of the Lease, $1,600,000 as an additional security deposit.

7.     The Debtor failed to timely deliver the $1,600,000 additional security deposit to WPH Properties and has never delivered the additional security deposit at any time since the Lease commenced more than two years ago.

8.      The Debtor also breached the Lease by failing to: (i) pay certain rent installments; (ii) pay real estate taxes, assessments, utility charges, and other taxes in a timely manner; (iii) pay utility charges, utility deposits and municipal maintenance escrows; (iv) deliver certificates of insurance that fully complied with the terms of the Lease in a timely manner; (v) deliver all Medicare, Medicaid and other provider agreements, reimbursement rate sheets and updated rate sheets in a timely manner; and (vi) deliver financial and operational reporting in a timely and consistent manner.

9.      On January 7, 2020, as a result of the Lease defaults, WPH Properties sent Debtor a notice of default and election to terminate the Lease upon five days' notice and accelerate all rents due for the balance of the lease term (the "Notice of Termination").  A copy of the Notice of Termination is annexed hereto as Exhibit 2.

10.     Debtor has failed to pay accelerated rent following Lease termination, as required by the Lease.

11.     Debtor has continuously occupied the Facility from January 13, 2020 (the effective date of termination of the Lease) through the present day.

12.     Under the terms of the Lease, Debtor's continuation in occupancy after termination does not constitute a renewal of the Lease, but Debtor becomes a month-to-month tenant for 300% of the most recent rental amount payable under the Lease.  Ex. 1 (Lease § 20.13).

13.     Debtor has failed to pay the increased rent at the month-to-month rate of 300% of rent required by the Lease following termination.

14.     Debtor's Lease defaults and WPH Properties' Lease termination have been the subject of litigation in Supreme Court, Westchester County, commenced on September 18, 2020,

and captioned *White Plains Healthcare Properties I, LLC v. HBL SNF, LLC, et al.*, Index No. 60278-20 (N.Y. Sup. Ct. 2020) (the "State Court Action").

15.     On November 3, 2021, the State Court Action was removed by the Debtor to the District Court and referred to the Bankruptcy Court, Case No. 21-07096 (the "Adversary Proceeding").  Adv. Pro. Dkt. No. 1.

16.     In August 2021, while the litigation was pending in State Court, WPH Properties filed a motion for summary judgment seeking judgment regarding the Debtor's Lease defaults and WPH Properties' termination of the Lease.  The summary judgment motion was fully briefed on November 5, 2021.

17.     The Lease termination issue is central to the Debtor's bankruptcy case—including the DIP financing—which is premised on the Debtor's ability to continue to operate the Facility and its ability to exercise its purchase option under the Lease.

18.     The parties to the Adversary Proceeding had an initial conference with the Bankruptcy Court on November 15, 2021, and the parties anticipate that the Bankruptcy Court will enter a schedule for resolution of the Lease termination issue following the upcoming December 2, 2021 conference.

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

## I.      THE LEASE HAS BEEN TERMINATED THEREBY UNDERMINING THE DIP FACILITY AND THE DEBTOR'S STATED PLAN FOR REORGANIZATION

19.     The key issue on which Debtor's entire bankruptcy case, including the instant DIP Motion, turns is whether the Debtor continues to hold the Lease to operate the Facility.

20.     It is an Event of Default under the DIP Facility if "[t]he Lease is determined to be terminated or otherwise invalid by a court of competent jurisdiction."  Bankr. Dkt. No. 11 (DIP Motion at pp. 14-15).  An Event of Default permits the DIP Lender to terminate its obligations

under the DIP Facility. *Id.* Thus, the continuation of the DIP Facility rises or falls on the issue of whether the Debtor still holds a valid Lease to operate the Facility.

21.     In addition, the Debtor has expressly stated that it intends "to fund its plan of reorganization by obtaining exit financing and/or exercising its right to purchase the real property subject of its Lease." Bankr. Dkt. No. 49 (Status Report ¶ 4). This is the only path to reorganization that has been articulated by the Debtor. If, as WPH Properties contends, the Lease was terminated before the bankruptcy case was commenced, then the Debtor no longer has an exercisable purchase right under the Lease, calling into question the premise of its stated plan for reorganizing.

22.     WPH Properties submits this Limited Objection to the DIP Motion in order to clearly state its position that the Lease has been terminated on the basis of Debtor's numerous, material independent breaches of the Lease.

23.     A primary example is that the Debtor has breached the Lease by failing to post the $5,300,000 security deposit mandated by the Lease. The Debtor has conceded that the security deposit was never provided and offers unavailing excuses in its papers filed in opposition to WPH Properties' motion for summary judgment.

24.     Based on the plain language of the Lease, the Debtor's conceded failure to provide a security deposit in connection with its occupancy of the Facility is a material default that permitted the Landlord to terminate the Lease on five days' notice, even assuming there were no other Lease defaults (which there were).

25.     Thus, the Landlord's January 2020 notice of default and election to terminate the Lease was a valid exercise of its contractual right as a matter of law.

26.     WPH Properties reserves all rights and arguments regarding Lease termination and the Debtor's numerous defaults under the Lease, as fully set forth in the Landlord's papers filed in support of its motion for summary judgment and in any additional briefing before this Court in connection with the Adversary Proceeding.

**<u>CONCLUSION</u>**

27.     For the foregoing reasons, WPH Properties files this limited objection to reserve all rights with respect to the Lease default and termination issues that were the subject of its summary judgment motion that is now pending before this Court.

Dated:  November 30, 2021                    Respectfully submitted,
        New York, New York

                                             BINDER & SCHWARTZ LLP


                                             /s/ Eric B. Fisher
                                             Eric B. Fisher
                                             Lindsay A. Bush
                                             366 Madison Avenue, 6th Floor
                                             New York, NY 10017
                                             Tel.: (212) 510-7272
                                             Email: efisher@binderschwartz.com
                                             Email: lbush@binderschwartz.com

                                             -and-

                                             DELBELLO DONNELLAN WEINGARTEN WISE &
                                             WIEDERKEHR, LLP
                                             Alfred E. Donnellan
                                             One North Lexington Avenue, 11th Floor
                                             White Plains, New York 10601
                                             Tel.: (914) 681-0200
                                             Email: aed@ddw-law.com

ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN,
FORMATO, FERRARA, WOLF & CARONE, LLP
Robert A. Spolzino
81 Main Street, Suite 306
White Plains, New York 10601
Tel.: (914) 607-7010
Email: RSpolzino@Abramslaw.com

*Counsel for White Plains Healthcare Properties I, LLC*