UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:

HBL SNF, LLC, d/b/a EPIC REHABILITATION
AND NURSING AT WHITE PLAINS,

Debtor.
---------------------------------------------------------------x

Chapter 11

Case No. 21-22623 (SHL)

**OBJECTION OF WHITE PLAINS HEALTHCARE PROPERTIES I, LLC TO DEBTOR'S MOTION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 1189(b) EXTENDING TIME TO FILE SUBCHAPTER V PLAN OF REORGANIZATION**

White Plains Healthcare Properties I, LLC ("WPHP" or the "Landlord"), by and through its undersigned counsel, respectfully submits this objection (the "Objection") to the motion (the "Extension Motion") of HBL SNF, LLC d/b/a Epic Rehabilitation and Nursing at White Plains (the "Debtor") for entry of an order extending the 90-day period in which the Debtor may file its plan of reorganization pursuant to section 1189(b) of the Bankruptcy Code. For the reasons set forth below, the Debtor's Extension Motion should be denied.[1]

**PRELIMINARY STATEMENT**

Subchapter V of Chapter 11 of the Bankruptcy Code provides for a fast-tracked process designed to provide an accelerated path to reorganization. In connection with the filing of its bankruptcy petition, the Debtor's principal swore that the Debtor would be able to formulate a plan of reorganization that will provide for payment of all legitimate creditors in full and emergence from bankruptcy within the time prescribed by Subchapter V. Not only has the

---

[1] WPHP hereby incorporates by reference the background facts set forth in its Objection to Security Benefit's Motion to Lift the Stay, Bankr. Dkt. 102, filed concurrently with this Objection. Any capitalized terms used, but not defined, herein shall have the meaning ascribed to such terms in the Objection to the Stay Motion.

Debtor failed to realize that goal, but the Debtor does not appear to have made any genuine attempt to meet that stated goal.

Now, having succeeded in using this bankruptcy proceeding to delay the litigation about the Lease termination, the Debtor seeks to double the 90-day period for proposing a plan, but fails to make any evidentiary showing that the Debtor will be able to succeed in formulating a plan of reorganization within that unjustifiably extended window of time. There are no facts offered in support of the Debtor's motion, including no information at all about the Debtor's source of capital for a down payment on the purchase of the Property or ability to finance such a purchase or to afford the debt service on any such hypothetical financing; nor is there any information about the identity of any prospective funder of the Debtor's plan or the timeline for obtaining any such funding.

Courts have held that the 90-day statutory deadline under Subchapter V is a stringent deadline that should not be extended where, as here, the Debtor is responsible for the circumstances that make it impossible to meet the deadline. In exchange for the benefits afforded to small business debtors by Subchapter V, the promise of a rapid proceeding is largely designed to protect the interests of creditors, like WPHP – the Debtor's largest creditor. Here, this bankruptcy proceeding has caused, and continues to cause, severe economic harm to WPHP with no realistic exit in view.

Accordingly, the Court should deny the Debtor's unsupported request to double its time within which to propose a plan of reorganization.

**OBJECTION**

I.  **THE DEBTOR HAS DELAYED ADJUDICATION OF THE LEASE TERMINATION ISSUE**

1. The Debtor has done everything in its power to impede adjudication of its disputes with WPHP, including slowing down the litigation about whether WPHP properly terminated the Lease in January 2020 due to the Debtor's numerous defaults.

2. The Debtor and WPHP litigated the Lease dispute before the Supreme Court, Westchester County, for approximately a year. This litigation included multiple rounds of mediation and extensive efforts to settle the parties' disputes under the supervision of Justice Walsh of the Supreme Court, Westchester County. On the eve of completing the briefing of WPHP's summary judgment motion before Justice Walsh, the Debtor filed for bankruptcy and immediately thereafter removed the Lease termination litigation to this Court.

3. More specifically, the Debtor filed for relief under Subchapter V—a "fast-tracked process," the statutory purpose of which is to provide small business debtors with an "accelerated path to reorganize [their] business affairs." *In re Online King LLC*, 629 B.R. 340, 350 (Bankr. E.D.N.Y. 2021).

4. The Debtor opted to file a streamlined Subchapter V proceeding notwithstanding that it claimed to be "financially and operationally sound," and that the only catalyst for its bankruptcy filing was the anticipated fallout if a court were to rule that the Lease had been terminated. Bankr. Dkt. 3 (Jozefovic Decl. ¶ 26). The Debtor could have waited for Justice Walsh to render her decision before seeking bankruptcy protection, if such protection were to be warranted in the wake of a decision adverse to the Debtor. Instead, the Debtor proceeded with an anticipatory filing to play for time and avoid a likely adverse state court ruling.

5. After the Debtor removed the litigation to this Court, it once again sought to delay adjudication by seeking discovery in connection with a motion that had already been fully briefed. Subject to potentially targeted follow-on requests from the Debtor, the parties have now completed that limited discovery and summary judgment on the Lease termination issue is scheduled to be heard by this Court on March 24, 2022—approximately five months after the Debtor commenced this bankruptcy proceeding.

6. The Debtor stated in the sworn declaration of Lizer Jozefovic, dated November 1, 2021, filed in connection with its first day motions that during the case the Debtor intends to "(iii) obtain third-party financing that will allow the Debtor to exercise its Purchase Option under the Lease; and (iv) formulate a plan of reorganization that will provide for payment of all legitimate creditors in full and emergence from bankruptcy *within the time prescribed by Subchapter V of the Bankruptcy Code*." Bankr. Dkt. 3 (Jozefovic Decl. ¶ 28) (emphasis added).

7. Contravening the Debtor's statement in its first-day motions, since filing for bankruptcy, the Debtor has sought to delay adjudication of the single issue that is the lynchpin of its entire reorganization plan. Now, having succeeded in obtaining several months of delay, the Debtor improperly seeks to use the delay as an excuse to *double* the 90-day period within which it is required to submit its plan of reorganization under Subchapter V.

II. **THE DEBTOR HAS FAILED TO SHOW THAT THE NEED FOR AN EXTENSION IS ATTRIBUTABLE TO CIRCUMSTANCES FOR WHICH THE DEBTOR SHOULD NOT BE HELD ACCOUNTABLE**

8. Subchapter V requires that a debtor file a plan of reorganization within 90 days of its bankruptcy filing. 11 U.S.C. § 1189(b). In order to establish that it is entitled to an extension of this statutory deadline, a debtor must show that "the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable." *Id.* "Meeting that burden, however, is no small feat. It is a stringent one." *In re Online King LLC*, 629 B.R. at

4

349; *see also In re Seven Stars on the Hudson Corp.,* 618 B.R. 333, 346 (S.D. Fla. 2020) (Congress "set a high standard" to grant a request for extension of time under § 1189(b); where the debtor created the circumstances that caused its inability to timely file a Subchapter V plan, those circumstances were not beyond the debtor's control).

9. The Debtor's Extension Motion falls far short of meeting the stringent test to justify an extension of time under 11 U.S.C. § 1189(b). The Debtor states only that "[u]ntil a final determination is made in connection with the Summary Judgement Motion, the Debtor is unable to prepare a plan of reorganization." Bankr. Dkt. 84 (Extension Motion ¶ 11). However, far from being a circumstance that was out of the Debtor's control, the Debtor affirmatively sought to delay adjudication of the Lease termination issue, apparently without regard to the "stringent" Subchapter V timing requirements that it promised to abide by upon its initial bankruptcy filing.

10. In support of its Extension Motion, the Debtor failed to provide any factual support or evidence detailing the steps it has taken to try to arrange third-party financing or formulate any viable plan to pay off its creditors in full, as it promised to do in its first-day motions. Bankr. Dkt. 3 (Jozefovic Decl. ¶ 28). There is no discussion of the nature of the alleged discussions with "multiple parties interested in providing the Debtor with exit financing," or the potential terms or conditions of any such "exit financing." Bankr. Dkt. 84 (Extension Motion ¶ 12). Rather, the Debtor merely asserts that its "negotiations with potential exit financing lenders cannot progress until the Debtor can provide such lenders with more clarity regarding the resolution of the Debtor's lease issues." *Id.*

11. The Debtor's cash flow is insufficient to meet its monthly rent obligation, and thus the Debtor has had to draw down on its DIP financing each month to pay rent. Assuming

5

the Debtor plans to finance its purported Purchase Option for $65 million and to pay all of its creditors in full, including curing all defaults under the Lease, the Debtor will need significant capital and also will need to have cash flow sufficient to pay its continued operating expenses and its debt service on what could be a $50 million-plus mortgage loan.  There is nothing in the record to credibly support the Debtor's contention that it will be able to obtain such a loan or afford such a loan on any timeline, let alone before another 90 days elapse.

12. The Debtor's naked assertions about the need for an extension with no factual support or detail fail to establish circumstances to justify an extension.  *See, e.g.*, *In re Online King LLC*, 629 B.R. at 352-53 (non-specific conclusory labels as the bases for an extension without "factual support or any affirmative evidence" falls short of meeting the standard for an extension under 11 U.S.C. § 1189(b)).

13. The Debtor's current predicament was foreseeable and is entirely of the Debtor's own making.  The Debtor has failed to make any factual showing as to how it will manage to formulate a plan of reorganization, even with the benefit of a 90-day extension, which would expire only five weeks after the scheduled hearing on the Lease termination issue.

### III. CONTINUED DELAY IS INCONSISTENT WITH SUBCHAPTER V AND HARMS THE DEBTOR'S SINGLE LARGEST CREDITOR

14. Subchapter V provides "extraordinary powers and cost-saving provisions" to small business debtors. *In re Seven Stars on the Hudson Corp.*, 618 B.R. at 340–41.  "And to balance the special new powers available to small business debtors, Congress granted creditors a very important protection: the requirement that a Subchapter V case proceed expeditiously." *Id.*  It is in furtherance of this *creditor* protection that Subchapter V requires, inter alia, the debtor to file a plan within 90 days of the order for relief.  *Id.*  Here, the Debtor should not be afforded the

6

"extraordinary powers" of Subchapter V, while disregarding the fundamental protection granted to creditors like WPHP: an expedited proceeding.

15. All of WPHP's remedies, as Landlord, have been put on hold pending adjudication of the Lease termination issue. WPHP is powerless to work with the Department of Health to put a new tenant in the facility, evict the Debtor, obtain financing to pay off the loan to Security Benefit in full, or do anything at all to protect its interests in the Facility.

16. At the same time, with the Debtor's assistance, WPHP's secured lender, Security Benefit, is threatening to foreclose on the Facility thereby putting WPHP in an even more precarious position.

17. It is very clear that the Debtor's real "plan" is to maximize financial pressure on WPHP with the hopes that WPHP will have to capitulate. But the Debtor should not be permitted to abuse the Subchapter V bankruptcy that it elected to file in order to gain a tactical advantage in its two-party dispute with WPHP. *See In re Seven Stars on the Hudson Corp.*, 618 B.R. at 345 ("if a debtor elects to proceed under Subchapter V, it must comply with *all* its provisions, including the statutory timelines.").

18. The Debtor should be held accountable for its own delay and should not be permitted an extension of time untethered to any concrete plan of action, or realistic expectation that it will be able to obtain the necessary financing to remedy its existing defaults under the Lease in order to assume the Lease (if there is a Lease to be assumed), and then an additional $65 million to exercise its Purchase Option (assuming there is a viable Purchase Option). The Debtor should be required to abide by the timing requirements of its own bankruptcy filing and not use the bankruptcy process to further delay WPHP's ability to replace the Facility operator and repay its construction loan. The Debtor's tactics and cavalier approach to the Subchapter V deadlines

are an abuse of the bankruptcy process and show total disregard for the statutorily "fast-tracked" nature of this proceeding.

## CONCLUSION

19. For the foregoing reasons, WPHP requests that the Court deny the Debtor's motion for entry of an order extending the 90-day period in which the Debtor may file its plan of reorganization pursuant to section 1189(b) of the Bankruptcy Code, and (ii) grant such other and further relief as the Court deems just and proper.

Dated: January 20, 2022
       New York, New York

Respectfully submitted,

BINDER & SCHWARTZ LLP

/s/ Eric B. Fisher
Eric B. Fisher
Lindsay A. Bush
366 Madison Avenue, 6th Floor
New York, NY 10017
Tel.: (212) 510-7272
Email: efisher@binderschwartz.com
Email: lbush@binderschwartz.com

-and-

DELBELLO DONNELLAN WEINGARTEN WISE & WIEDERKEHR, LLP
Alfred E. Donnellan
One North Lexington Avenue, 11th Floor
White Plains, New York 10601
Tel.: (914) 681-0200
Email: aed@ddw-law.com

ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP
Robert A. Spolzino
81 Main Street, Suite 306
White Plains, New York 10601
Tel.: (914) 607-7010
Email: RSpolzino@Abramslaw.com

*Counsel for White Plains Healthcare Properties I, LLC*