**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**
Tracy L. Klestadt
Stephanie R. Sweeney
Christopher Reilly
200 West 41st Street, 17th Floor
New York, NY 10036
Tel. (212) 972-3000
Fax. (212) 972-2245

Hearing Date:
January 27, 2022 at 3:00 p.m.

*Attorneys for the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                           :   Chapter 11
                                                                :
HBL SNF, LLC, d/b/a EPIC REHABILITATION          :   (Subchapter V)
AND NURSING AT WHITE PLAINS,[1]                   :
                                                                :   Case No. 21-22623 (SHL)
              Debtor.                                           :
---------------------------------------------------------------x

**DEBTOR'S REPLY TO OBJECTION OF WHITE PLAINS HEALTHCARE
PROPERTIES I, LLC TO MOTION FOR ENTRY OF ORDER PURSUANT
TO 11 U.S.C. §1189(b) EXTENDING TIME TO FILE
SUBCHAPTER V PLAN OF REORGANIZATION**

**TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:**

HBL SNF, LLC, d/b/a Epic Rehabilitation and Nursing at White Plains (the "Debtor"), by its counsel, Klestadt Winters Jureller Southard & Stevens, LLP, submits this Reply (the "Reply") to the Objection [Dkt. No. 103] (the "Objection") of White Plains Healthcare Properties I, LLC ("Landlord") to Debtor's Motion for Entry of an Order Pursuant to 11 U.S.C. §1189(b) Extending Time to File Subchapter V Plan of Reorganization [Dkt. No. 84] (the "Plan Extension Motion")[2],

---

[1] The Debtor's principal office is located at 120 Church Street, White Plains, New York 10601. The last four digits of its taxpayer identification number are 6045.
[2] Capitalized words used herein, but not defined shall have the meaning ascribed to them in the Plan Extension Motion.

and in support thereof, files the Declaration of Lizer Jozefovic (the "Jozefovic Declaration") contemporaneously therewith, and in further support thereof, respectfully sets forth as follows:

## REPLY

**I.     The Requested Extension is Consistent with Subchapter V**

1.     Contrary to the Landlord's arguments, extension of the plan-filing deadline is wholly consistent with the intended "fast-tracked process" of Subchapter V, as it is expressly prescribed by the statute itself and has been granted by numerous courts. See, e.g., In re Ventura, 615 B.R. 1 (Bankr. E.D.N.Y. 2020) (extending Subchapter V plan-filing deadline and status conference deadlines to allow debtor to amend petition); In re Progressive Sols., Inc., No. 8:18-BK-14277-SC, 615 B.R. 894 (Bankr. C.D. Cal. Feb. 21, 2020) (extending Subchapter V plan-filing deadline to allow debtor to amend petition); In re Trepetin, 617 B.R. 841, 848 (Bankr. D. Md. 2020) (extending Subchapter V plan-filing deadline after conversion from chapter 7); In re Baker, 625 B.R. 27, 41 (Bankr. S.D. Tex. 2020) (granting two extensions to 6 months after petition date to, *inter alia*, allow government claims to be included in plan). In short, "Congress certainly did contemplate a Subchapter V debtor needing additional time to file a plan." In re Seven Stars on the Hudson Corp., 618 B.R. 333, 346 (Bankr. S.D. Fla. 2020).

2.     The need for adjudication of the gating issues presented in the Landlord Litigation is hardly the kind of "generalized excuse applicable to any business bankruptcy case" that has been found insufficient to permit an extension. Cf. In re Online King LLC, 629 B.R. 340, 351 (Bankr. E.D.N.Y. 2021) (denying extension that was requested due to amount of work in negotiating and proposing plan and competing demands on debtor's personnel and advisors); In re 5 Star Prop. Grp., Inc., No. 8:20-BK-07801-CPM, 2021 WL 247782, at *1 (Bankr. M.D. Fla. Jan. 20, 2021) (denying request for "additional time to complete certain calculations and finalize its plan").

2

Rather, adjudication of the Landlord Litigation is both outside of the Debtor's control and necessary to the Debtor's ability to file a feasible plan, which has been found to militate in favor of granting an extension. See In re Baker, 625 B.R. 27, 41 (Bankr. S.D. Tex. 2020) ("The uncertainty as to the City of New Orleans and State of Louisiana claims created a substantial barrier to Debtor's ability to file an appropriately constructed, feasible plan, given that the plan may be provisioned for payments to creditors over a period not to exceed five years.").

    **II.    The Landlord, Not the Debtor, has Delayed Adjudication of the Lease Termination Issue**

    3.    Aside from filing this bankruptcy case to ensure its ability to continue operating, the Debtor has not delayed adjudication of the lease termination issue in any way. The Debtor has acted with all requisite diligence to move this case forward. It has established a bar date, it is regularly filing its operating reports, it has timely filed its Status Reports and held its status conferences, and it is actively participating in the Landlord Litigation. It is the Debtor's desire for the Landlord Litigation to resolve as soon as possible, and the Debtor has taken all actions within its control to accomplish that result. In re Trepetin, 617 B.R. 841, 849 (Bankr. D. Md. 2020) ("The question thus becomes whether the Debtor is fairly responsible for his inability to timely submit his status report, attend the status conference, or file a plan in this Subchapter V case.").

    4.    The Landlord's assertions otherwise are completely contrary to the facts of this case. The Landlord's characterization of the Debtor's request for limited discovery as a delay tactic is particularly egregious. The Debtor was authorized by this Court to take limited discovery in connection with the pending Summary Judgment Motion in the Landlord Litigation, and the parties agreed to a supplemental briefing schedule which resulted in that motion being scheduled to be heard on March 24, 2022, after the Debtor's plan filing deadline. It is disingenuous to assert that the Debtor has delayed the determination of the Lease termination issue when the Court approved

3

the request to take limited discovery, the Landlord agreed to the supplemental briefing schedule, and, most importantly, the Debtor could have avoided spending its valuable time in Subchapter V on discovery if not for the *Landlord's* failure to timely comply with the Debtor's discovery requests made almost a year ago in the state court action.

5.    In its Objection and its simultaneously-filed *Objection to the Motion of Security Benefit Corporation and Garfield Park LLC, for Either (I) A Determination that the Automatic Stay Does Not Apply or (II) Relief From the Automatic Stay* [Dkt. No. 102] (the "Lift Stay Objection"), the Landlord attempts to mislead the Court into believing that the Debtor has somehow caused the "delays" that were due, at least in part, to the Landlord's actions. The Landlord's self-serving statement in its Objection that the Debtor filed this bankruptcy case after three failed mediations is simply untrue – no such mediations took place. In fact, it was again the *Landlord* who refused the Debtor's request for mediation, in an e-mail to the Debtor, thereby delaying and frustrating any potential settlement of the Landlord Litigation. See Jozefovic Declaration, Exhibit A. Similarly, while the Landlord now relies in its Lift Stay Objection on the fact that the Debtor has an option to purchase the leased property for $65 million, the Landlord actually expressly rejected the Debtor's attempt to exercise this option via letter dated September 17, 2020. See Jozefovic Declaration, Exhibit B. The Landlord is again talking out of both sides of its mouth – on the one hand, in the Lift Stay Objection, arguing that the purchase option is an asset of the Debtor's estate protected by the automatic stay, while on the other hand rejecting the Debtor's attempted exercise of that option (and omitting this inconvenient fact from its Lift Stay Objection).

6.    Moreover, the Landlord jumps to the incorrect conclusion that the Debtor will be *required* to exercise the purchase option in its plan of reorganization.   The Debtor may choose to

4

do so – but given the Landlord's prior rejection of the exercise of the option, the Debtor does not have to do so immediately. Rather, assuming, *arguendo*, that this Court finds the Lease was not terminated, the Debtor can assume the lease – restoring the parties to the *status quo ante* under the provisions of the Lease, and then exercise the purchase option within the time period provided in the Lease.

7. Asserting that the Debtor has the right to exercise the purchase option while simultaneously refusing the Debtor's right to exercise it is itself the kind of disingenuous position taken by the Landlord that continues to threaten the speedy resolution of this case that the Landlord purports in its Objection to desire.

### III. The Requested Extension Will Not Unduly Prejudice the Landlord

8. The Landlord again disingenuously argues that the extension request will harm the Landlord, as the Debtor's "largest creditor," and that the extension contradicts the Debtor's intentions as stated in its first day declaration. Far from a bystander creditor, the Landlord is an active participant in the dispute giving rise to the extension request, and the Landlord has known full-well since the inception of this case that the outcome of that dispute would inform the Debtor's plan. In fact, the Debtor expressly alerted all parties in interest to the likelihood that the Landlord Litigation would necessitate an extension of the plan-filing deadline two months ago:

> Depending upon the status of the Debtor's negotiations with WPHCP in the Landlord Litigation, if and when appropriate, the Debtor anticipates filing a motion seeking an extension of time to file its plan of reorganization due to "circumstances for which the Debtor should not justly be held accountable" pursuant to Section 1189 of the Bankruptcy Code.

Status Report [DE 49], ¶ 5. As stated above, the Landlord additionally previously agreed to a briefing schedule on the Motion for Summary Judgment that scheduled the hearing on that motion for March 24, 2022, a date beyond the Debtor's original plan-filing deadline.

9. The Landlord also cannot credibly argue that it will suffer undue prejudice if a reasonable time for resolution of the Landlord Litigation is granted by this Court because it previously fought for and succeeded in obtaining the continued payment of full rent due under the Lease, and it has been in default with respect to its own obligations to Security Benefit Corporation for over two years. See Reply of Security Benefit Corp. and Garfield Park, LLC [DE 105].

10. As the Debtor has done everything within its control to move this case towards completion, the Objection should be overruled, and the relief sought in the Plan Extension Motion granted.

**WHEREFORE,** the Debtor respectfully requests that the Objection be overruled in its entirety and the proposed relief requested in the Plan Extension Motion be granted.

Dated: New York, New York
January 24, 2022

**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

By: *Tracy L. Klestadt*
Tracy L. Klestadt
Stephanie R. Sweeney
Christopher Reilly
200 West 41st Street, 17th Floor
New York, New York 10036-7203
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: tklestadt@klestadt.com
ssweeney@klestadt.com
creilly@klestadt.com

*Attorneys for Debtor and Debtor in possession*