**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                    :    Chapter 11
                                         :
HBL SNF, LLC, d/b/a EPIC REHABILITATION  :    (Subchapter V)
AND NURSING AT WHITE PLAINS,[1]          :
                                         :    Case No. 21-22623 (SHL)
           Debtor.                       :
------------------------------------------------------------x

# ORDER AUTHORIZING DEBTOR TO ENTER INTO INSURANCE PREMIUM FINANCE AGREEMENT AND TO PROVIDE ADEQUATE PROTECTION

Upon the Motion of HBL SNF LLC, d/b/a Epic Rehabilitation and Nursing at White Plains (the "Debtor") For Authority to Enter into Insurance Premium Finance Agreement and to Provide Adequate Protection ( the "Motion") through which Debtor seeks the Court's approval of the agreement and to provide adequate protection of the interests of FIRST Insurance Funding, a Division of Lake Forest Bank & Trust Company, N.A. ("FIRST") in the bankruptcy case and, it appearing to the Court that the operative facts as stipulated by the parties, are those appearing in Motion, it is hereby **ORDERED**:

1. The Motion is granted.

2. Debtor is authorized and directed to:

    a) enter into the Premium Finance Agreement attached to the Motion as Exhibit "A" (the "Premium Finance Agreement");

---

[1] The Debtor's principal office is located at 120 Church Street, White Plains, New York 10601. The last four digits of its taxpayer identification number are 6045.

    b) grant FIRST or its successor or assigns a first priority lien on and security interest in the Policies[2], including the in unearned premiums and other collateral (collectively, the "<u>Collateral</u>"), as described in the Premium Finance Agreement; and

    c) timely make all payments due under the Premium Finance Agreement. FIRST is authorized to receive and apply such payments to the Indebtedness owed by Debtor to FIRST as provided in the Premium Finance Agreement; and

    d) Renew the Premium Finance Agreement without further order of this Court pursuant to the terms and conditions of this Order.

3.     Without limitation, the liens, security interests and rights in the Collateral granted under the Premium Finance Agreement: (i) are senior to (a) the liens of any lender providing DIP or cash collateral financing in this Case and (b) to any claims under 11 U.S.C. §§ 503, 506(c) or 507(b); and (ii) shall not be subject to avoidance, priming or surcharge by any party in interest. Pursuant to the Premium Finance Agreement, the Debtor irrevocably appoints FIRST as its attorney-in-fact in the event of default to cancel any financed insurance Policies and collect the Collateral, as described infra.

4.     If additional premiums become due to insurance companies under the Policies financed under the Premium Finance Agreement, Debtor and FIRST or its successor or assigns are authorized to modify the Premium Finance Agreement as necessary to pay the additional premiums without the necessity of further hearing or order of this Court.

5.     In the event Debtor does not make any of the payments under this Agreement or the Premium Finance Agreement as they become due, the automatic stay shall automatically lift to enable FIRST and or/third parties (without further order of this Court), including insurance companies providing the protection under the Policies, to take all steps necessary and appropriate to cancel the Policies, collect the Collateral and apply such Collateral to the Indebtedness owed to FIRST by Debtor.

---

[2] Capitalized terms not defined herein shall have the meaning ascribed in the Motion or the Premium Finance Agreement, as applicable.

6. FIRST, or any third party, including insurance companies providing the coverage under the Policies, exercising such rights shall comply with the notice provisions and other provisions of the Premium Finance Agreement.

7. The Premium Finance Agreement and the liens and security interests in the unearned premiums granted pursuant hereto shall continue in full force and effect and Indebtedness due under the Premium Finance Agreement shall remain due and owing notwithstanding: (i) the dismissal or closure of this Case, (ii) the discharge of Debtor, or (iii) the confirmation of a plan of reorganization.

8. To the extent that any audits need to be performed by any carrier on any of the Policies, the Debtor or the trustee subsequently appointed under Chapters 7 or 11, shall reasonably cooperate.

9. The terms and conditions of this Order will be immediately effective and enforceable upon its entry.

Dated:   New York, New York
         April 25, 2023

*/s/ Sean H. Lane*
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE