**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**
Tracy L. Klestadt
Stephanie Sweeney
Christopher Reilly
200 West 41st Street, 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Fax: (212) 972-2245

*Counsel to the Debtor and Debtor-in-Possession*

**Presentment Date: April 11, 2025 @ 10:00 a.m. (EST)**
**Objection Deadline: April 10, 2025 @ 12:00 p.m. (EST)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| HBL SNF, LLC, d/b/a EPIC REHABILITATION AND NURSING AT WHITE PLAINS | : Case No. 21-22623 (SHL) |
| | : |
| Debtor. | : |

---------------------------------------------------------------------x

## NOTICE OF PRESENTMENT OF ORDER APPROVING EXTENSION OF MATURITY DATE OF DEBTOR'S DEBTOR-IN-POSSESSION FINANCING FACILITY

**PLEASE TAKE NOTICE** that HBL SNF, LLC, d/b/a Epic Rehabilitation and Nursing at White Plains (the "Debtor") is party to that certain Super Priority Debtor-in-Possession Credit and Security Agreement, dated as of November 4, 2021 (the "DIP Credit Agreement"), by and between the Debtor and eCapital Healthcare Corp. (f/k/a CNH Finance Fund I, L.P.) (the "Lender"), which was approved on a final basis by this Court [Dkt. Nos. 34, 67 and 86];

**PLEASE TAKE FURTHER NOTICE** that Court approved extensions of the maturity date set forth in the DIP Credit Agreement through March 31, 2025, upon the terms set forth in the First Amendment to Credit and Security Agreement, dated as of November 4, 2023, by Order dated November 17, 2023 [Dkt. No. 318], and the Second Amendment to Credit and Security Agreement, dated as of November 4, 2024, by Order dated December 3, 2024 [Dkt. No. 419]; and the Third Amendment to Credit and Security Agreement, dated as of January 29, 2025 [Dkt. No. 440];

**PLEASE TAKE FURTHER NOTICE** that Debtor and Lender have agreed to a further extension of the maturity date set forth in the DIP Credit Agreement through June 30, 2025, upon the terms set forth in the Fourth Amendment to Credit and Security Agreement, dated as of March 20, 2025, attached hereto as Exhibit A, (the "Amendment");

**PLEASE TAKE FURTHER NOTICE** that the Debtor will present the Amendment for approval by the Honorable Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, on **April 11, 2025, at 10:00 a.m. (EST);**

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the approval of the Amendment shall be made in writing, conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and be filed with the Court by registered users of the Court's electronic case filing system and, by all other parties in interest, mailed to the Clerk of the United States Bankruptcy Court, Southern District of New York, 300 Quarropas St, White Plains, New York 10601, on a 3.5 inch floppy disk or compact disc, preferably in Portable Document Format (PDF), Microsoft Word, or any other Windows-based word processing format (with a hard copy delivered directly to the Chambers of the Honorable Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court, Southern District of New York, 300 Quarropas Street, White Plains, New York 10601) and served upon counsel to the Debtor, Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036, Attn: Tracy Klestadt & Christopher Reilly, Email: tklestadt@klestadt.com & creilly@klestadt.com, so as to be actually received **no later than 12:00 p.m. on April 10, 2025** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the approval of the Amendment is timely filed prior to the Objection Deadline, together with proof of service, and delivered as set forth in the foregoing paragraph, the Amendment may be approved by the Court without a hearing.

Dated:   New York, New York
          March 28, 2025

                              KLESTADT WINTERS JURELLER
                              SOUTHARD & STEVENS, LLP

                    By:    /s/ Tracy L. Klestadt
                           Tracy L. Klestadt
                           Stephanie Sweeney
                           200 West 41st Street, 17th Floor
                           New York, New York 10036
                           Tel: (212) 972-3000
                           Fax: (212) 972-2245
                           Email: tklestadt@klestadt.com
                                  ssweeney@klestadt.com

                           *Counsel for the Debtors and*
                           *Debtors-in-Possession*

# Exhibit A

## FOURTH AMENDMENT TO CREDIT AND SECURITY AGREEMENT

This Fourth Amendment to Credit and Security Agreement  (this "**Agreement**") is dated as of March 20, 2025, and is by and between HBL SNF, LLC, a New York limited liability company, as debtor and debtor-in-possession (the "**Borrower**"), and eCAPITAL HEALTHCARE CORP., a Delaware corporation f/k/a CNH FINANCE FUND I, L.P., a Delaware limited partnership (the "**Lender**").

### RECITALS

WHEREAS, Borrower and Lender have entered into a Credit and Security Agreement dated as of September 21, 2021, which has previously been amended by that certain First Amendment to Credit and Security Agreement, dated as of November 4, 2021, that certain Second Amendment to Credit and Security Agreement, dated as of November 4, 2024, and that certain Third Amendment to Credit and Security Agreement, dated as of December 21, 2024 (as may be further amended, restated, supplemented or otherwise modified from time to time, the "**Credit Agreement**"), pursuant to which, subject to the terms and conditions set forth therein, Lender has made certain credit facilities available to Borrower. Any capitalized term used but not defined herein shall have the meaning given to that term in the Credit Agreement.

WHEREAS, the Borrower has requested, and Lender has agreed to extend the Term, subject to the terms and conditions set forth herein.

### AGREEMENT

NOW, THEREFORE, for good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, the parties hereto agree as follows:

1. **Recitals and Amounts Outstanding**.

    a.  Borrower and Lender stipulate and agree that the statements made in the foregoing recitals are true and correct.

    b.  Borrower confirms that all warranties and representations made to Lender under the Credit Agreement and the Loan Documents are accurate in all material respects on and as of the date hereof as if made on and as of the date hereof, before and after giving effect to this Agreement.

    c.  Borrower stipulates that the principal amount outstanding under the Credit Agreement as of the close of business on March 19, 2025, was $3,456,042.10, which amount does not include interest, fees and expenses accrued subsequent to February 28, 2025, and that Borrower has no offsets or defenses to payment of such amount.

    d.  Borrower represents that no Default or Event of Default has occurred and is continuing or would exist under the Credit Agreement or any of the Loan Documents, before and after giving effect to this Agreement.

2. **Amendment to Term**. The definition of Term, as set forth in Section 1.2 of the Credit Agreement, is hereby amended to read as follows:

> "**Term**" shall mean the period commencing on the date set forth on the first page hereof and ending on the earlier to occur of (i) the effective date of a plan of reorganization of the Borrower confirmed by the Bankruptcy Court, (ii) consummation of a sale or other disposition of a material portion of the Borrower's assets pursuant to 11 U.S.C. 363 or otherwise, (iii) the Borrower's filing of a motion or other pleading seeking, or consenting to, conversion to a proceeding under Chapter 7 of the Bankruptcy Code, (iv) conversion to a proceeding under Chapter 7 of the Bankruptcy Code, (v) a dismissal by the Bankruptcy Court of Borrower's Bankruptcy Case, (vi) the Borrower's filing of a motion or other pleading seeking the dismissal of the Bankruptcy Case under Section 1112 of the Bankruptcy Code or otherwise, (vii) June 30, 2025, or (viii) any date on which the Loans are accelerated during the continuance of an Event of Default.

3. **Condition Precedent.**  This Agreement shall not take effect unless and until the Borrower and the Lender shall have fully executed this Agreement.

4. **Entire Agreement**.  This Agreement constitutes the entire agreement between Borrower and Lender with respect to the subject matter hereof, and supersedes all prior agreements and understandings, if any, relating to the subject matter hereof.  Except as specifically provided herein, the Credit Agreement shall remain in full force and effect in accordance with its terms and conditions and Borrower hereby restates, ratifies and reaffirms each and every term and condition set forth in the Credit Agreement and the Loan Documents effective as of the date hereof.  The parties are not relying on any representations not contained herein in connection with their execution and delivery of this Agreement.  Any promises, representations, warranties or guarantees not herein contained and hereafter made shall have no force and effect unless in writing signed by Borrower and Lender.  This Agreement shall be binding upon the parties hereto and their successors and assigns, and shall inure to the benefit of such parties, and all successors and assigns of the foregoing.  No provision of this Agreement may be changed, modified, amended, restated, waived, supplemented, discharged, canceled or terminated orally or by any course of dealing or in any other manner other than by an agreement in writing signed by Lender and Borrower.  The Lender reserves the right to exercise any rights and remedies available to it in connection with any present or future breaches or defaults with respect to the Credit Agreement or any other provision of any Loan Document.

5. **Release of Lender**.  By execution of this Agreement, Borrower acknowledges and confirms that Borrower does not have any actions, causes of action, damages, claims, obligations, liabilities, costs, expenses and/or demands of any kind whatsoever, at law or in equity, matured or unmatured, vested or contingent arising out of or relating to this

Agreement, the Credit Agreement or the other Loan Documents against any Indemnified Person (as defined below), whether asserted or unasserted. Notwithstanding any other provision of any Loan Document, to the extent that such actions, causes of action, damages, claims, obligations, liabilities, costs, expenses and/or demands may exist, Borrower voluntarily, knowingly, unconditionally and irrevocably, with specific and express intent, for and on behalf of itself, its managers, members, directors, officers, employees, stockholders, Affiliates, agents, representatives, accountants, attorneys, successors and assigns and their respective Affiliates (collectively, the "**Releasing Parties**") hereby fully and completely releases and forever discharges Lender, its Affiliates and its and their respective managers, members, officers, employee, Affiliates, agents, representatives, successors, assigns, accountants and attorneys (collectively, the "**Indemnified Persons**") and any other Person or insurer which may be responsible or liable for the acts or omissions of any of the Indemnified Persons, or who may be liable for the injury or damage resulting therefrom (collectively, the "**Released Persons**"), of and from any and all actions, causes of action, damages, claims, obligations, liabilities, costs, expenses and demands of any kind whatsoever, at law or in equity, matured or unmatured, vested or contingent, known or unknown, that any of the Releasing Parties have against any of the Released Persons as of the date of this Agreement. Borrower acknowledges that the foregoing release is a material inducement to Lender's decision to agree to the amendment herein set forth and is relied upon by Lender in executing this Agreement.

6. **Miscellaneous**.

   a. Security Interest. Borrower hereby confirms and agrees that all security interests and liens granted to Lender continue in full force and effect and shall continue to secure the Obligations. All Collateral remains free and clear of any liens other than liens in favor of Lender and Permitted Liens. Nothing herein contained is intended to in any way impair or limit the validity, priority and extent of Lender's existing security interest in and liens upon the Collateral.

   b. Costs and Expenses. Borrower agrees to pay on demand all usual and customary costs and expenses of Lender and/or its Affiliates in connection with the preparation, execution, delivery and enforcement of this Agreement and all other agreements and instruments executed in connection herewith, including without limitation reasonable attorneys' fees and expenses of Lender's counsel.

   c. GOVERNING LAW. THIS AMENDMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE SAME LAWS BY WHICH THE CREDIT AGREEMENT IS GOVERNED AND CONSTRUED.

   d. Counterparts. This Agreement may be executed in any number of counterparts, each of which when so executed shall be deemed to be an original, and such counterparts together shall constitute one and the same respective agreement. Signatures sent by facsimile or electronic mail shall be deemed originals for all purposes and shall bind the parties hereto.

    e.   <u>Loan Document</u>.  This Agreement and any assignment, instrument, document, or agreement executed and delivered in connection with or pursuant to this Agreement shall be deemed to be a "Loan Document" under and as defined in the Credit Agreement for all purposes.

[Signature Pages Follow]

IN WITNESS WHEREOF, each of the parties has duly executed this Fourth Amendment to Credit and Security Agreement as of the date first written above.

**BORROWER:**

HBL SNF, LLC,
a New York limited liability company

By: _____
Name: Ber Jozefovic
Title: Manager

**LENDER:**

eCAPITAL HEALTHCARE CORP.,
a Delaware corporation,
f/k/a CNH FINANCE FUND I, L.P.,
a Delaware limited partnership

By: _____
Name: Timothy Peters
Title: Authorized Signatory

Fourth Amendment to Credit and Security Agreement, Signature Page

IN WITNESS WHEREOF, each of the parties has duly executed this Fourth Amendment to Credit and Security Agreement as of the date first written above.

**BORROWER:**

HBL SNF, LLC,
a New York limited liability company

By: _____
Name: Lizer Jozefovic
Title: Manager

**LENDER:**

eCAPITAL HEALTHCARE CORP.,
a Delaware corporation,
f/k/a CNH FINANCE FUND I, L.P.,
a Delaware limited partnership

By: _____
Name: Timothy Peters
Title: Authorized Signatory

Fourth Amendment to Credit and Security Agreement, Signature Page